UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )           No. 3:05-CR-113
V.                                  )           (PHILLIPS/SHIRLEY)
                                    )
                                    )
DONALD R. HARMON and                )
JOHNNY HATCHER,                     )
                                    )
                Defendants.         )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This case is before the Court on the following pretrial motions by the

defendants:

(1) Defendant Harmon's Motion For F.R.Crim.P. Rule 12(b)(4)(B) Designation By
The Government Of Its Intent To Offer Evidence In Its Case-In-Chief [Doc. 29];

(2) Defendant Harmon's Motion For All Participating Investigating Agencies
Provide Files Pertaining To The Conspiracy To The Prosecuting Attorney [Doc. 30];

(3) Defendant Harmon's Motion To Revise The Scheduling Order And Define What
Is "Material To Preparing The Defense" [Doc. 31];

(4) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery
Material To Preparing A Defense To Discovery Produced [Doc. 32];

(5) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery
Pertaining To Evidence Offered Under F.R.E. Rules 404(b), 608, 609, 702, 703, 801,
803, 804 or 807 [Doc. 33];

(6) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery
Pertaining To Evidence Offered Under F.R.E. Rules 702, 703 [Doc. 34];

1

(7) Defendant Harmon's Motion To Compel F.R.Crim. P. Rule 16(a)(1) Discovery Pertaining To F.R.Crim. P. Rule 11 Decisions and 18 U.S.C. § 3553 Sentencing [Doc. 35];

(8) Defendant Harmon's Motion To Compel Discovery of Pre-Sentence Reports In The Possession Of The Government For Witnesses Called By The Government [Doc. 36];

(9) Defendant Harmon's Motion For A Witness List Of Government Witnesses And Addresses [Doc. 37];

(10) Defendant Harmon's Motion For Bill Of Particulars [Doc. 38];

(11) Defendant Harmon's Motion For F.R.E. 406 Evidence Of Habits And Practices Of The Government Pertaining To Cooperating Witnesses [Doc. 39];

(12) Defendant Harmon's Motion To Produce Related Indictments And Warrants [Doc. 40];

(13) Defendant Harmon's Motion For Specific Brady-Kyles Materials Be Provided The Defense Sixty (60) Days Prior To Trial, Or, In The Alternative For A Continuance After Brady-Kyles Materials Are Provided [Doc. 41];

(14) Defendant Harmon's Motion For Disclosure Of Informants And Operatives [Doc. 42];

(15) Defendant Harmon's Motion For Pretrial Notice And *In Limine* Suppression Of F.R.E. Rule 609 Impeachment Evidence Of Conviction Of A Crime [Doc. 45];

(16) Defendant Harmon's Motion For Pretrial Notice And *In Limine* Suppression Of F.R.E. Rule 608 Impeachment Evidence By Character Or Specific Conduct [Doc. 46];

(17) Defendant Harmon's Motion For 60-Day Pretrial Notice Of Government's Intention To Use 404(b)-Type Evidence And *In Limine* Suppression Of 404(b)-Type Evidence [Doc. 47];

(18) Defendant Harmon's Motion To *In Limine* Suppress Evidence Offered Pursuant to F.R.E. Rules 404(b), 608(b), 609, 801(d), 803, 804 or 807 [Doc. 48];

(19) Defendant Harmon's Motion For Presentence Reports And Reports Of Statements Of Government Witnesses For The Court To Conduct A *Pennsylvania v. Ritchie* Review [Doc. 49];

(20) Defendant Hatcher's Motion For Bill Of Particulars [Doc. 50];

2

(21) Defendant Harmon's Motion For Discovery Of Written Summary Of Expert Testimony; Facts And Data Underlying Expert Testimony; And Qualifications Of Expert Witnesses And *In Limine* To Suppress Expert Testimony For Which The Government Fails To Make Adequate Pretrial Disclosure [Doc. 51];

(22) Defendant Harmon's Motion For Rule 17(c) Subpoena For Records For Pretrial Inspection And Trial Preparation [Doc. 52];

(23) Defendant Harmon's Motion For Notice Of Government's Intention To Use Hearsay And To Object And Suppress Pursuant To *Crawford v. Washington* [Doc. 54];

(24) Defendant Hatcher's Motion For Disclosure Of Material Witnesses [Doc. 55];

(25) Defendant Hatcher's Motion For Disclosure Of All Statements Which The Government Will Seek To Attribute To The Defendant [Doc. 56];

(26) Defendant Harmon's Motion For Pretrial Hearing To Determine Admissibility Of Co-Conspirator Hearsay [Doc. 57];

(27) Defendant Hatcher's Motion For Pretrial Production Of Witness Statements [Doc. 58];

(28) Defendant Harmon's Motion *In Limine* To Suppress All Expert Testimony Regarding *Mens Rea* [Doc. 59];

(29) Defendant Hatcher's Motion For Pretrial Hearing On The Existence Of A Conspiratorial Agreement And The Connection Thereto Of Defendant [Doc. 60];

(30) Defendant Harmon's Motion For F.R.E. 615 Witness Sequestration And That Only One Agent Be Present During Evidentiary Hearings And Trial [Doc. 62];

(31) Defendant Hatcher's Motion For Disclosure Of Impeaching Information And Memorandum In Support Of Motion [Doc. 63];

(32) Defendant Harmon's Motion For Immediate Notice Of Government's Intent To Use Tape Recordings And For Production Of Transcripts [Doc. 64];

(33) Defendant Harmon's Motion For Rule 104 *In Limine* Hearing To Contest The Chain Of Custody Of Drugs [Doc. 65];

(34) Defendant Hatcher's Motion To Require The Government To Reveal Any Agreements With Or Concessions To Witnesses That May Influence Their Testimony [Doc. 66];

(35) Defendant Harmon's Motion For Early Production of Jencks/Rule 26.2 Statements; Automatic Production; Automatic Recess; And For Jury Instructions [Doc. 67];

(36) Defendant Harmon's Motion For Notice Of The Government's Intent To Use An Interpreter For Any Witnesses At Motion Hearings Or Trial [Doc. 68];

(37) Defendant Harmon's Motion For Leave To File Additional Motions [Doc. 70];

(38) Defendant Hatcher's Request For Notice Of Electronic Surveillance [Doc. 71];

(39) Defendant Hatcher's Motion For Leave To File Additional Motions [Doc. 72]; and

(40) Defendant Hatcher's Motion To Adopt And Incorporate Motions Of Co-Defendant [Doc. 74].

The parties appeared for hearings on these motions on February 22 and 27, 2005. Assistant United States Attorney, Mike Winck was present representing the government. Attorney Herb Moncier was present representing Defendant Harmon. Attorney Randall Reagan was present representing Defendant Hatcher. Defendant Harmon and Defendant Hatcher were present on February 22, but did not attend the hearing on February 28. At the conclusion of the hearings, the Court took the motions under advisement.

# I. ANALYSIS

The Court will endeavor to address the defendant's motions largely in the order that the parties elected to present their arguments at the motion hearings.

## A. ADOPT MOTIONS OF CO-DEFENDANT

Defendant Hatcher moves [Doc. 74] the Court to permit him to adopt the following specified motions of Codefendant Harmon [Docs. 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 43,

4

45, 46, 48, 49, 51, 52, 54, 59, 62, 64, 65, 67 and 68]. He contends that the twenty-six motions specifically referenced above contain issues of fact and law germane to the defendant, and furthermore maintains that the granting of this motion will promote judicial economy and prevent the unnecessary duplication of filings. The government responds [Doc. 112] that it does not object to this motion as long as further specificity would not be required by Defendant Hatcher for a motion filed by Codefendant Harmon to be applicable to Defendant Hatcher.

The Court has reviewed these motions, and Defendant Hatcher's request [**Doc. 74**] to adopt these motions is **GRANTED**, to the extent that it does not require the government to respond with further specificity as to Defendant Hatcher.


## B. RULE 12(b)(4)(B) DESIGNATION

Defendant Harmon moves [Doc. 29] the Court to order the government to serve and file specific written notices and designation of evidence or information which it contemplates using in its case-in-chief. Specifically, the defendant moves for notice of the following specific evidence pursuant to Rule 12(b)(4)(B):

(a) Photographs or diagrams;

(b) Summaries of bulky evidence;

(c) Records of any type;

(d) Evidence obtained by administrative process or subpoena;

(e) Evidence obtained by a grand jury subpoena;

(f) Tape recordings of any type;

(g) Excerpts of any record or tape recording;

5

(h) Evidence obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure;

(i) Evidence obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant;

(j) Evidence obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings;

(k) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device;

(l) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover;

(m) Evidence relating to the exhibition or display of the Defendant's photograph, likeness, image, or voice recording to anyone, not them employed by a law enforcement agency;

(n) Written, recorded, or oral statements of Defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of the Defendant;

(o) Tape recordings of communications of others in which Defendant was not a participant so as to provide Defendant an opportunity to move to suppress under F.R.E. Rule 104, 801(d), 402 and 403;

(p) Transcripts of tape recordings the Government intends to rely on to provide the Defendant an opportunity to compare the transcript with the recording and move to suppress any transcripts that are not accurate; and

(q) Tape recordings that are in a language other than English to provide the Defense an opportunity to move to suppress any interpretation of said tape recording as being inaccurate.

Defendant Harmon contends that the Court, in its discretion, can require the government to file a witness list and maintains that specific identification of Rule 12(d)(2) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources, and if appropriate, to afford an opportunity to move to suppress. The defendant also asks the Court to require the government to file a Rule 12(b)(4)(B) notice within seven (7) days and that the defendant be permitted an

6

extension of the motions deadline to file motions to exclude. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 122] by providing notice and specifically identifying materials pursuant to the defendant's Rule 12(b)(4)(B) motion. It contends that Rule 12 only entitles the defendant to those items which would be subject to a motion to suppress, not to a list of all items which the defendant is entitled to discover under Rule 16. The government argues, for instance, that the government may offer "photographs or diagrams"into evidence, which the defendant has been provided in Rule 16 discovery, but that are not subject to a motion to suppress. The government furthermore maintains that the list of fifteen (15) items which it identifies in its written response [Doc. 122] is fully responsive to the defendant's Rule 12(b)(4)(B) motion, and opposes the defendant's motion to the extent it requests anything more.

At the February 22 hearing, the government argued that under Rule 12(b)(4)(B), it is only required to give notice of its intent to use, in its case-in-chief at trial, any evidence that rises to the to the level of constitutional magnitude under the Fourth, Fifth and Sixth Amendments to the United States Constitution. It furthermore argued that certain records, like telephone records, are not subject to Rule 12(b)(3)(C). The government stated that while the defense does not have a right to a list of all the exhibits it intends to use at trial under Rule 12(b)(4)(B), the government is required to give notice of the exhibits it intends to use which would be subject to a motion to suppress by the defendant under Rule 12(b)(3)(C). The defendant argued, however, that the defense, and not the government, should be the arbiter of which exhibits fall under Rule 12(b)(3)(C) motion to suppress evidence, and requested that the Court order the government to provide the defense with a complete list of exhibits it intends to use under Rule 16(a)(1)(E). The defendant also moved the Court for

sixty (60) days to respond to the government's Rule 12(b)(4)(B) designations and to file motions in response accordingly.

Rule 12(b)(4)(B) requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

In this case, counsel for the government has provided the defendants, in it written response [Doc. 122], with a list of fifteen (15) items which it maintains, pursuant to Rule 12(b)(4)(B), provides the defendants notice of, and specifically identifies, evidence it intends to use in its case-in-chief that may be subject to a motion to suppress under Rule 12(b)(3)(C). Accordingly, Defendant Harmon's Motion For Rule 12(b)(4)(B) Designation By The Government Of Its Intent To Offer Evidence In Its Case-in-Chief [**Doc. 29**] **is DENIED as moot** in light of the fact that the government has given notice of its intention to use specifically identified evidence provided during discovery in its case-in-chief.

## C. ALL AGENCIES TO PROVIDE FILES TO PROSECUTING ATTORNEY

Defendant Harmon moves [Doc. 30] for an order requiring all participating agents and/or agencies cooperating in this investigation to disclose and provide to the prosecuting attorney in this case all materials in their possession, custody or control that may relate to Defendant Harmon's rights to discovery. The defendant contends that most of the persons investigated in this case have been previously investigated or prosecuted by different agencies, and that providing these files to the prosecutor will enable him to review all available information, so as to discharge his Rule 16(a)(1), Fed. R. Crim. P., and Brady-Kyles disclosure obligations. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 90] that first Kyles v. Whitley, 115 S.Ct 1555, 1567 (1995), cannot be read as (1) imposing a duty on the prosecutor to learn of information by other government agencies that have no involvement in the prosecution at issue, or (2) as requiring that all information and materials pertaining to a case be transferred from investigative agencies to the Office of the United States Attorney. Second, the government contends that an order of this magnitude would impermissibly interfere with its method for making such disclosures. It furthermore states that it is not equipped to be the repository of all the information and material compiled in a case. Finally, the government notes that the Defendant's motion extends to "all materials" and contends that it is not prepared or equipped to assume custody of all materials, like drugs, firearms, or contraband. The government notes that it is well-aware of its obligations under Brady and will take the necessary steps to comply with its discovery obligations.

At the February 21 hearing, the government argued that Kyles expanded the duty of the prosecuting attorney to learn of any favorable evidence known to others acting on the government's behalf "in this case." It maintained that Kyles does not require the government to

9

receive, review or maintain all irrelevant evidence possessed by agents or investigating agencies regarding previous actions. It furthermore stated that the government was not abdicating its <u>Brady</u> responsibility, that it is understood its obligations, and that it was taking the necessary steps to comply, namely traveling to Texas to review agencies files.

According to <u>Brady v. Maryland</u>, "the suppression by the prosecution of evidence favorable to an accused...violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order to comply with <u>Brady</u>, the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995). Supreme Court precedent does not, however, require possession to trigger the prosecutor's duty to disclose, and in fact, holds quite the opposite. In <u>Kyles</u> the Court expressly rejected the state's argument that it had no duty to disclose materials known only to the police and not to the prosecution. <u>Id.</u> at 438. Therefore, the <u>Brady</u> rule extends to evidence "known only to police investigators and not to the prosecutor." <u>Strickler v. Greene</u>, 527 U.S. 263, 280-81 (1999) (quoting <u>Kyles</u>, 514 U.S. at 438).

The Court's Order on Discovery and Scheduling [Doc. 7] states the government "shall comply with Rule 16(a)(1)(A)-(F)" of the Federal Rules of Criminal Procedure and in paragraph E, specifically states that:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty under Brady and Kyles, and has stated that it is taking the necessary steps to comply with its discovery obligations. To the extent that the defendant relies on its motion, the Court finds it overly broad in that the request appears to impose a greater duty on the prosecutor in this case than that required by Kyles. Accordingly, Defendant Harmon's motion [**Doc. 30**] is **DENIED.**

## D. REVISE SCHEDULING ORDER

Defendant Harmon moves [Doc. 31] to revise the Order on Discovery and Scheduling [Doc. 7] to remove footnote 1 on page 2 and to define the standard for discovery of materials under Rule 16(a)(1)(E) and (F) consistent with the standard set out in United States v. Lloyd, 992 F.2d 348 (C.A.D.C., 1993). Specifically, the defendant takes issues with the provision in footnote 1 that limits "material to preparing the defense" to only matters that "refute the government's arguments that defendant committed the crime charged." Defendant Harmon argues this language "incorrectly expands the holding in United States v. Armstrong, 517 U.S. 456 (1996)" and implies that there are "defenses" for which the government is not required to provide discovery of information "material to preparing [that] defense." He argues that the standard set forth in Lloyd is the better standard because Armstong only holds that "selective prosecution"motion to dismiss is not a "defense," whereas Lloyd remains valid to defenses other than selective prosecution.

Relying on the language set forth in Lloyd and urging the Court to adopt same, Defendant Harmon specifically argues that the numerous documents, presentence reports and convictions that pertain to criminal activity of witnesses the government will call in its case-in-chief

are "material to preparing the defense" and must be disclosed as Rule 16(a)(1)(E) discovery. He contends that the government is not permitted to "bootstrap non-discovery" of these non-statement Rule 16(a)(1)(E) and (F) materials until trial under United States v. Presser, 844 F.2d 1275 (1988). The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 123] that while the defendant criticizes footnote 1 of the Court's Order on Discovery and Scheduling as being an inaccurate definition, it contends that the Court's definition is accurate in that it specifically recites the Supreme Court's definition of same in Armstrong. Furthermore, citing Presser, it argues that the defense is not entitled to pretrial disclosure of impeachment material. Additionally, it contends that the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady v.Maryland, 373 U.S. 83 (1963), test as being material *and* exculpatory.

At the February 22 hearing, the government stated that it does not dispute the fact that the defendant is entitled to Brady material. Instead, it stated that the dispute concerned the timing of the disclosure of information. Essentially, the government argued that the defendant could not go through the "back door" to obtain what it could not get through the "front door." The government agreed that the defendant is entitled to impeachment material that meets the Brady test under Rule 16(a)(1)(E), with timing of the disclosure governed by Presser and its "in time for use at trial" mandate. The defense, on the other hand, argued that the defendant's right to prepare a complete defense trumps the government's right not to disclose information and asked the Court for assistance is instituting the defendant's Constitutional rights.

The Court's Order on Discovery and Scheduling [Doc. 7, para. B(3), fn.1] states:

**B.** The government shall permit the defendant to inspect and copy the following items or copies or portions thereof, or supply copies or portion thereof, which are within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the government:

**3.** Book, papers, documents, photographs, tangible objects, building or places which are ***material to the preparation of the defendant's defense*** or which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained from or belong to each defendant.. See fn 1.

**Fn 1.** The United States Supreme Court has held that the phrase "material to the preparation of the defendant's defense" as used in Rule 16(a)(1)(E)(i), Fed.R.Cr.P. (formerly Rule 16(a)(1)(C), means material to the defendant's direct response to the government's case-in-chief. In other words, "the defendant's defense" encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged. United States v. Armstrong, 517 U.S. 456 (1996).

The defendants in Armstrong, who were indicted for selling crack and using a firearm in connection with drug trafficking, moved for discovery on a claim of selective prosecution. Id. at 462. Citing Rule 16(a)(1)(C), the defendants argued that the documents "within the possession...of the government" that discussed the government's prosecution strategy for cocaine cases were "material" to the defendants' selective prosecution claim. Id. More specifically, the defendants argued that Rule 16(a)(1)(C) applied because any claim that "results in nonconviction" if successful is a "defense" for the Rule's purposes, and a successful selective prosecution claim would have that effect. Id. at 462.

The Supreme Court rejected the defendants' argument, concluding that:

In the context of Rule 16, 'the defendant's defense' means the defendant's response to the government's case-in-chief. While it might be argued that as a general matter, the concept of a "defense"

includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the government's arguments that the defendant committed the crime charged. Id. at 462.

The Court finds that it has not expanded the holding in Armstrong in its Order on Discovery and Scheduling [Doc. 7]. In keeping with Armstrong, the Court defines the "defendant's defense" to mean that which is "material to the defendant's direct response to the government's case-in-chief." To the extent that Defendant Harmon contends that Armstrong only holds that a "selective prosecution" motion to dismiss is not a defense for purposes of Rule 16, the Court disagrees. The Supreme Court in Armstrong rejected the defendant's argument that "*any claim* that 'results in nonconviction'" if successful is a 'defense' for the Rule's purposes," and instead, concluded that "[i]n the context of Rule 16, 'the defendant's defense' means the defendant's response to the government's case-in-chief....[or that] which refute[s] the government's arguments that the defendant committed the crime charged." Id.

Furthermore, to the extent that Defendant Harmon is requesting impeachment material, the defendant is entitled to impeachment material that meets the Brady test and Rule 16(a)(1)(E), with timing of the disclosure governed by Presser and its "in time for use at trial" mandate. [Doc. 7, para. E]; see United States v. Farley, 2 F.3d 645, 654 (6th Cir. 1993) (citing, Presser, 844 F.2d at 1284,"this Court has held that due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial"). The government has acknowledged its duty to disclose Brady material.

Accordingly, Defendant Harmon's Motion To Revise The Scheduling Order And Define What Is "Material To Preparing The Defense" [**Doc. 31**] is **DENIED**.

## E.  COMPEL RULE 16(a)(1) DISCOVERY MATERIAL

Defendant Harmon moves [Doc. 32] to compel discovery requested of the prosecution.  Specifically, the defendant requests the following additional discovery pursuant to Rule 16(a)(1)(E):

> (1) Affidavits and applications for the GPS tracking device placed on the white Ford F-350 pickup of John Caswell testified to in paragraph 9 of the September 29, 2005 affidavit for the search warrant to Defendant Harmon's residence;
>
> (2) Documents, data and papers created by the use of the GPS tracking of John Caswell, including tracking other than to the Eastern District of Tennessee;
>
> (3) Affidavits and applications for wire communication interceptions relating to the wire communications presented in discovery;
>
> (4) Documents and records of intercepted communications of the wire communication interceptions;
>
> (5) Recordings of John Caswell, Donald Holland or Ramirez Rodriguez with persons during the conspiracy in this case;
>
> (6) Recordings of the voice of Donnie Harmon with any other person during the period charged in the conspiracy;
>
> (7) The name and present address of CS mentioned in paragraph 8 of the affidavit for search warrant that told TFO Hanslick that Rodriguez was transporting marijuana to persons in Arkansas;
>
> (8) All items obtained from the search of the residence of John Caswell on May 15, 2002 referred to in paragraph 12 of the affidavit for search warrant dated September 29, 2005.

The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 114] individually to each of the defendant's numbered requests.  At the February 21 hearing, Defendant Harmon took specific issue with the government's responses to the defendant's Request 5 and Request 7.  Specifically, as to Request 5,

15

counsel for the government states in [Doc. 114] that it intends to travel to the Southern District of Texas to review investigative files there, in an attempt to identify any other recordings of Caswell, Holland, or Rodriguez. It noted, however, that unless it intends to offer such evidence in its case-in-chief, or such evidence constitutes <u>Brady/Giglio</u> material, the defendant is only entitled to such recordings as permitted under the Jencks Act, and not as part of pretrial discovery.

Defendant Harmon replies [Doc. 141] and disagrees with the government's assertion that tape recordings of Caswell, Holland or Rodriguez are only discoverable under the conditions stated by the government. He contends that the recordings of these co-conspirators are discoverable under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure unless protected under Rule 16(a)(2) and even then must be examined by the Court *in camera*.

As to Request 7, the government states [Doc. 114] that it opposes the defendant's request for the name and present address of the confidential source (CS) mentioned in paragraph 8 of the Affidavit for the Search Warrant of the defendant's residence. Defendant Harmon asserts [Doc. 141] that the government is required to identify and provide the current address of this person pursuant to <u>Rovario v. United States</u>, 353 U.S. 53 (1957). At the February 21 hearing, the defendant contended that (1) the government told the defendant that Rodriguez was in a conspiracy with people in Arkansas, and that (2) the defendant has a reasonable basis to believe the CS is an unnamed conspirator. The government, on the other hand, maintained that (1) the CS would not be helpful to the defendant, and (2) that it does not believe, to this day, that the CS is an unindicted co-conspirator. As to Request 3 and Request 5, Defendant Harmon moves [Doc. 141] for sixty (60) days after receipt of materials requested from the government to file motions pertaining to that discovery.

Initially, the Court notes that it appears from the defendant's reply [Doc. 141] to the government's response [Doc. 114] and from representations the defendant made at the February 22 hearing, that all discovery requests, except Requests 5 and 7, have been satisfactorily resolved. Accordingly, the defendant's motion [**Doc. 32**] to compel discovery as to Requests 1, 2, 3, 4, 6 and 8 is **DENIED as moot**.

Next, the Court will address the defendant's Request 5, which asks for "recordings of John Caswell, Donald Holland or Ramirez Rodriguez with persons during the conspiracy in this case." In its response [Doc. 114], the government noted that it intended to travel to the Southern District of Texas to review investigative files there, in an attempt to identify any other recordings of Caswell, Holland, or Rodriguez. On March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being disclosed. It appears to the undersigned that the supplemental discovery recently provided by the government may contain the discovery requested by the defendant, as [Doc. 162] states, for instance, that the government is providing the defendant with a copy of several CDs contained intercepted wire communications and a copy of the transcript of telephone calls from a certain telephone number.

To the extent that the supplemental discovery provided by the government [Doc. 162] is not responsive to the defendant's Request, or is in some respect unsatisfactory to the defendant, the Court finds it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) [Doc. 7, para. E]. Furthermore, the Sixth Circuit has upheld the government's right under the Jencks Act, 18 U.S.C. § 3500, to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule

17

of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." Presser, 844 F.2d at 1283 (6th Cir. 1988). Accordingly, to the extent that the defendant's Request 5 is not resolved by the government's recent disclosures, Defendant Harmon's motion [**Doc. 32**], as it pertains to Request 5, is **DENIED**.

Finally, the Court will address the defendant's Request 7, which asks for "the name and present address of the CS mentioned in paragraph 8 of the affidavit for search warrant that told TFO Hanslick that Rodriguez was transporting marijuana to persons in Arkansas." Again, it appears to the Court that the government's recent disclosures [Doc. 162] may contain information directly responsive to this request, in that it notifies the defendant that the identity of the "Houston, Texas confidential source (CS)...is being provided to defendants by separate letter." To the extent that the government has not answered the defendant's Request 7, the Court notes that to compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005, 99 S. Ct. 618, 58 L. Ed.2d 682 (1978). Thus, to the extent that the defendant argues that this CS is likely to influence the outcome of the case or is essential to the party's preparation for trial, the Court finds that the defendant has failed to make a specific showing to that effect. Accordingly, Defendant Harmon's motion [**Doc. 32**], as it pertains to Request 7, is **DENIED**.

As to Defendant Harmon's request for sixty (60) days to file motions pertaining to supplemental discovery filed by the government, the defendant may move the Court to file a specific motion if the defendant desires to file a specific motion in the future. Otherwise, the Court **DENIES** the defendant's request for sixty (60) days to file any further motions.

## F. DISCOVERY PERTAINING TO F.R.E. RULES 404(b), 608, 609, 702, 703, 801, 803, 804 or 807

Defendant Harmon moves [Doc. 33] the Court to compel Fed. R. Crim. P. Rule 16(a) discovery be immediately produced as to any evidence the government intends to offer at trial pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807. He contends that discovery under Rule 16(a)(1) is required to be provided according to the scheduling order regardless of whether a specific notice of that evidence is not due until some date later. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion. The government responds [Doc. 91] and provides the defendant with a list of forty-one (41) items, as well as copies of the actual materials, related to Rule 404(b) similar act evidence that it intends to offer in its case-in-chief. Defendant Harmon [Doc. 140] acknowledges that the government has responded to discovery pertaining to F.R.E. Rule 404(b), but not to Rules 608, 609, 702, 703, 801, 803, 804 or 807.

Defendant Harmon also moves [Doc. 48] *in limine* to suppress and exclude any F.R.E. Rules 404(b), 608(b), 609, 801(D), 803, 804 or 807 evidence until such time as the Court makes on-the-record findings pursuant to F.R.E. Rule 104, out of the presence of the jury, that said evidence is admissible. Defendant argues that deferring rulings on admissibility of evidence under these rules until trial causes "unjustifiable expense to jurors and witnesses; needless delay; uncertainty to the parties; and unnecessary expense." He asserts that conditions for the admissibility of evidence under these rules must be established prior to the admission of this evidence and, therefore, moves for a pretrial hearing. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

19

The government objects [Doc. 77], asserting that the defendant does not seek to avoid unjustifiable expense and needless delay as it suggests, but instead, would create mini-trials prior to the trial of this case simply so that defendant could have a preview of much of the government's evidence prior to trial. The government furthermore contends that the Rules of Evidence are not discovery rules, and argues that the defendant's request is contrary to the opinion in United States v. Presser, 844 F.2d 1275(6th Cir. 1988), which states in part, "in most criminal prosecutions, the Brady Rule, Rule 16, and the Jencks Act exhaust the universe of discovery to which defendant is entitled." Id. at 1285 at n.12.

At the February 22 hearing, the government again reiterated its contention that the Brady Rule, Rule 16 and the Jencks Act exhaust the universe of discovery to which the defendant is entitled. It maintained that, with the exception of F.R.E. Rule 404(b), the government is not required to identify pretrial under which rules of the F.R.E. it intends to offer evidence at trial. The defendant stated that it wants discovery that falls under the F.R.E., but does not ask for itemization of same.

Initially, the Court notes that the government has provided the defendant with a list of forty-one (41) items, as well as copies of the actual materials, related to Rule 404(b) similar act evidence that it intends to offer in its case-in-chief. Because the defendant has acknowledged the government's response concerning F.R.E. 404(b) evidence [Doc. 140] and made no argument to the contrary, the Court takes this part of the defendant's motion to be resolved. Thus, Defendant Harmon's motion [**Doc. 33**] is **DENIED as moot** to the extent it compels discovery under F.R.E. 404 (b). To the extent that the defendant seeks general discovery under F.R.E. 608, 609, 702, 703, 801, 803, 804, or 807, the Court notes that in its Order on Discovery and Scheduling [Doc. 7, paras. A-B], it has already ordered the government to provide the defendant with the discovery to which

20

he is entitled pursuant to Rule 16.  Accordingly, Defendant Harmon's motions [**Doc. 33**] is likewise **DENIED as moot** to the extent it compels discovery under F.R.E. 608, 609, 702, 703, 801, 803, 804, or 807.

The Court also **DENIES** Defendant Harmon's motion [ **Doc. 48**] *in limine* to suppress and exclude any F.R.E. Rules 404(b), 608(b), 609, 801(D), 803, 804 or 807 evidence until such time as the Court makes on-the-record findings pursuant to F.R.E. Rule 104.  The present case is set for trial before District Court Judge Thomas Phillips, and thus, any on the record findings made pursuant to the aforementioned rules of evidence is a matter to be taken up at trial and in the context of the evidence admitted.  Accordingly, the Defendant Harmon's Motion To *In Limine* Suppress Evidence Offered Pursuant To F.R.E. 404(b), 608(b), 609, 801(d), 803, 804 or 807 [**Doc. 48**] is **DENIED**.

## G. DISCOVERY PERTAINING TO F.R.E. RULES 702, 703

Defendant moves [Doc. 34] to compel discovery of F.R.E. 702, 703 papers, documents and data. Counsel for the defendant contends that it is a practice in this District to only produce a summary report of an expert in Rule 16 discovery. He maintains that Fed. R. Crim. P. Rule 16(a)(1)(E) permits discovery of any papers, documents or data if (1) material to the preparation of the defense or (2) the government intends to use the item in its case-in-chief; Rule 16(a)(1)(F) provides for discovery of reports; and F.R.E. 702 and 703 permit expert opinions based on reliable expert facts and data. Defendant Harmon contends that discovery of papers, documents and facts and data upon which an expert report on evidence the Government intends to offer into evidence is discoverable and should be produced at the earliest opportunity to assist the defense in preparing and/or filing motions for Daubert-Kuhmo Tire hearings on the admissibility of that testimony. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 81] that it has and will continue to comply with Rule 16 of the Federal Rules of Criminal Procedure as it pertains to the discovery of reports of physical or mental examination and any scientific tests or experiment. It notes that the Court's Order on Discovery and Scheduling requires the government to provide to defendant at least three weeks prior to trial any evidence discoverable under Rule 16(a)(1)(G), and states that it will comply with the Court's time table. The government also states that, to the extent the defendant requests discovery beyond that permitted by Rule 16, it opposes the defendant's motion. Defendant Harmon replies [Doc. 142] that the government confuses its obligations under Rule 16(a)(1)(E) and 16(a)(1)(F) of the Federal Rules of Criminal Procedure with its expert disclosures for trial under Rule 16(a)(1)(G). He furthermore states that "a one page summary sheet does not comply with Rule 16(a)(1)(F)."

22

The Court's Order on Discovery and Scheduling [Doc. 7, para. A(3)] states that the government shall comply with Rule 16(a)(1)(A)-(F) by October 12, 2005 and, more specifically, shall supply copies thereof, or permit the defendant to inspect and copy:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but *at least three weeks before trial*, unless the Court orders otherwise.

The Court finds that it has already ordered the government to turn over the discovery materials which the defendant seeks in his motion. Furthermore, the government submits that it has and will continue to abide by the Court's Order. The Court also notes that on March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being disclosed. Accordingly, Defendant Harmon's Motion To Compel Fed. R. Crim. P. Rule 16(a)(1) Discovery Pertaining to Evidence Offered Under F.R.E. Rules 702, 703 [**Doc. 34**] is **DENIED as moot**.

## H. DISCOVERY PERTAINING TO RULE 11 DECISIONS AND 18 U.S.C. § 3553 SENTECING

Defendant moves [Doc. 35] moves to compel discovery of any evidence the government intends to provide for a presentence report or at a sentencing hearing that is subject to Rule 16(a)(1) of the Federal Rules of Criminal Procedure. Specifically, he moves to compel all Rule 16(a)(1) discovery that may pertain to:

> (1) The specific amount of drugs under USSG § 2D1.11 the government asserts constitute Defendant's foreseeable conduct of the conspiracy in Count 1 of the indictment to determine the offense level;

23

(2) USSG Chapter Three adjustments the government asserts are applicable to Defendant Harmon's role in the conspiracy charged in Count 1;

(3) The conduct of each person who participated in the conspiracy, whether named or unnamed in this indictment for Defendant Harmon's USSG Chapter Three adjustments for role in the offense and for 18 U.S.C. § 3553(a)(6) sentencing parity.

(4) Sentencing memorandums of the government for each person that, in any manner, participated in the conspiracy, whether named or unnamed in this indictment for Defendant Harmon's USSG Chapter Three adjustments for role in the offense and for 18 U.S.C. § 3553(a)(6) sentencing parity.

(5) Presentence reports in the possession of the United States Attorneys for each person that, in any manner, participated in the conspiracy, whether named or unnamed in this indictment for Defendant Harmon's USSG Chapter Three adjustments for role in the offense and for 18 U.S.C. § 3553(a)(6) sentencing parity.

(6) The basis for any criminal history points the government asserts are applicable to Defendant Harmon.

The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 116] that defendant is not entitled to the material requested, and argues that while the defendant claims that such information is material to preparing his defense and thus discoverable pursuant to Rule 16(a)(1)(E)(i), the defendant cites no case authority to support his position. The government notes that the Supreme Court in United States v. Armstrong limited the phrase "material to the preparation of the defense" to the "defendant's response to the government's case in chief." 517 U.S. 456, 462 (1996). The government contends that the defendant's instant request does not deal with a response to the government's case-in-chief, but rather to calculation of sentencing guidelines in the event defendant is convicted after presentation of the government's case-in-chief. Citing United States v. Williams, 977 F.2d 866,

870-71 (4th Cir. 1992), the government notes that the Court declined to extend pretrial discovery to factors effecting sentencing guidelines calculations.

Defendant Harmon replies [Doc. 150] that the government does not address:  (1) United States v. Markin, 263 F.3d 491, 498 (6th Cir. 2001), that held discovery was appropriate for sentencing issues, (2) the provisions of Brady-Kyles that applies to both trial and sentencing, and (3) the defendant's need for discovery prior to entering into Fed. R. Crim. P. 11 plea discussions.

The Court does not find that Markin stands for the proposition that the defendant is entitled to discover the information requested by the defendant or that Fed. R. Crim. P. Rule 16(a)(1) permits the same.  The Court does not find any persuasive authority for the request made by the defendant and, furthermore, agrees with the holding in Williams, in which the Fourth Circuit declined to extend pretrial discovery to factors effecting sentencing guideline calculations. Additionally, the Court finds that the defendant's request is beyond that "material to the preparation of the defense" to the "government's case-in-chief" so as to come within Fed. R. Crim. P. Rule 16 or Armstrong.  To the extent the request made by the defendant is Brady-Kyles material, the government's obligations have been set forth herein.  Accordingly, Defendant Harmon's Motion To Compel F.R.Crim. P. Rule 16(a)(1) Discovery Pertaining To F.R.Crim. P. Rule 11 Decisions and 18 U.S.C. § 3553 Sentencing [**Doc. 35**] is **DENIED**.

## I.  DISCOVERY OF PRE-SENTENCE REPORTS FOR WITNESSES CALLED BY THE GOVERNMENT

Defendant moves [Docs. 36 and 49] the Court to order the government to (1) provide discovery of presentence reports of those witnesses the government intends to call in its case-in-chief in its possession to the defense pursuant to Fed. R. Crim. P. Rule 16(a)(1)(E); or in the

25

alternative (2) order the government to produce presentence reports, including FBI 302s, DEA 6s or reports of interviews by any governmental agency of that witness, to the Court for *in camera* review as provided for by <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987), for information that may assist Defendant Harmon in preparing for or cross-examining the witness; or in the alternative (3) order the government to obtain said presentence reports from the various U.S. Attorney's offices to have same available to present to the defense, or to the Court for review, after the direct testimony, and before cross-examination, of the witness.

Defendant Harmon contends that presentence reports of witnesses the government intends to call in its case-in-chief are discoverable under Rule 16(a)(1)(E) because (1) U.S. attorney's have these PSI reports in their possession, (2) the PSI reports were not created by attorney or investigators subject to Rule 16(a)(2) protection, and (3) the PSI reports are material to preparing the defense. Defendant Harmon furthermore contends, citing <u>Ritchie</u>, that the defendant's constitutional right to cross-examination trumps any privilege that may otherwise pertain to the PSI of witnesses the government intends to call to testify against the defendant. The defendant also argues that the government often does not have present in the courtroom Rule 16(a)(2) records, including FBI 302s, DEA 6s or local law enforcement reports of interviews, that pertain to witness testimony and that delays required to retrieve the records breaks up the cross-examination.

The defendant alternatively argues that under 18 U.S.C. § 3553(d) and Fed. R. Crim. P. 32(h)(i), a defendant is afforded an opportunity to review the presentence report, object or otherwise adopt the report. Furthermore, the presentence report, reviewed and adopted by a defendant, becomes a "statement," as defined by Fed. R. Crim. P. Rule 26.2(f)(1), unless the information is objected to and adjudicated by the Court pursuant to Rule 32(h)(i)(3). The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

26

The government responds [Docs. 117 and 87] that Defendant Harmon is not entitled to copies of the presentence investigation reports of witnesses the government intends to call in its case-in-chief, arguing that (1) such reports are documents prepared for the court by the probation office for use at a particular defendant's sentencing, and (2) presentence reports contain personal and confidential information which, if disclosed, could pose a danger to the safety of the subject of or contributors to the PSI report. It furthermore contends that the defendant's reliance on Ritchie is misplaced and notes that the Ritchie Court found that "the defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Ritchie, 480 U.S. at 59.

Citing United States v. Sherlin, 67 F.3d 1208 (6th Cir. 1995), the government notes that the Sherlin Court held that "neither Brady nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a witness' presentence report to a defendant or to review such report *in camera* for exculpatory material." Id. at 1219. Acknowledging the distinction in the present case, in that the defendant's motion addresses the situation where the government has a copy of the PSI report, the government argues that, in light of Sherlin and Kyles v. Whitley, 514 U.S. 419, 437-38 (1995), it bears the responsibility of reviewing PSI reports in its possession for exculpatory or impeachment material and providing that information to defendant if it so exists. The government furthermore agrees to review PSI reports in its possession (not the probation officer) and, to the extent that Brady or Giglio material is contained within any government witness' PSI report, to provide such information to the defendant so as to meet its obligations under Brady-Giglio.

Finally, the government contends that, contrary to defendant's argument, Rule 32 does not require the defendant to adopt his presentence report and notes that cases addressing this issue have concluded that a witness' PSI report is not a statement of that witness within the meaning

27

of the Jencks Act.  United States v. McGee, 408 F.3d 966, 974 (7th Cir. 2005); United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1993); United States v. Moore, 949 F.2d 68, 71 (2d Cir. 1991); United States v. Dansker, 537 F.2d 40, 60 (3d Cir. 1976).

Defendant Harmon replies [Docs. 144 and 158] that: (1) the government does not address Fed. R. Crim. P Rule 16(a)(1)(E) discovery of a presentence report of a government witness *in possession of the prosecutor*, or the procedure established in Ritchie, (2) the government does not cite any rule or statute that make a presentence report *in the possession of the prosecutor* privileged or confidential, (3) the government does not deny it has copies of the PSI reports of witnesses it intends to call in its case-in-chief, (4) noting that it is the custom in this district that probation pretrial release reports are not left in the possession of the defense counsel, but that prosecutors keep a copy of PSI reports of the individuals it prosecutes, Defendant Harmon asserts that no law or rule exists that exempts discovery of presentence reports *in the possession of prosecutors* from the provisions of Rule 16(a)(1)(E), (5) regarding the government assertion that it needs to "protect the confidentiality of the information," Defendant Harmon contends that this issue should be addressed on a case-by-case basis and that any information the government claims a protective order, if valid, could be exercised, (6) Sherlin does not address a presentence report that is in the possession of the prosecutors, and finally (7) Defendant Harmon argues that unlike the defendant in Sherlin, he does not move that "a trial court produce a copy of a presentence report…prepared for the court." Rather, he moves to compel the prosecutor provide Rule 16(a)(1)(E) discovery of a document (PSI report) in the prosecutor's possession that is "material to preparing the defense."

At the February 22 hearing, the government argued that (1) the defendant has not cited any case law to support its contention that if presentence investigation reports are in the possession of the prosecution, then they are discoverable, and (2) the defense is essentially

28

requesting that the government provide a witness list or, in other words, is attempting to "come in the back-door to get what it can't get through the front-door." At the February 27 hearing, the defendant maintained that under <u>Richie</u>, if the government contends that a privilege applies under Rule 16(a)(2), the Court is to make a pretrial review of the records to assist the defendant in three rights: (1) Sixth Amendment right to cross-examine witnesses, (2) the right to present a complete defense, and (3) the right to have access to privileged information. While Defendant Harmon averred that there is case law to support pretrial review of FBI 302s, he could not cite any case law to support his contention that this Court should make an *in camera* review of presentence reports.

The Court finds that to the extent that the defendant argues that he has a constitutional right to cross-examine or a constitutional right to discovery of any documents or information that may assist the defendant in such way, the Court does not agree. Contrary to the defendant's arguments, the Court does not find that <u>Pennsylvania v. Ritchie</u> stands for the proposition that the Confrontation Clause of the Constitution creates a constitutionally created rule of discovery. If the Court were to accept the defendant's argument, Fed. R. Crim. P. Rule 16 and the universe of court holdings limiting discovery would be emasculated. Furthermore, even if the defendant were correct that a presentence report is a "statement" of the witness (by virtue of any alleged adoption), Fed. R. Crim. P. Rule 16(a)(2) provides that Rule 16 does not authorize discovery or inspection of such statements except as provided pursuant to the Jencks Act, 18 U.S.C. § 3500. Thus, the Jencks Act and Rule 26.2 control and in order for the defendant to compel production of statements under Rule 26.2(a), the witness must (1) testify on direct examination and (2) the statement must relate to the subject matter of the witness's testimony. While the Court notes that

early disclosure is strongly encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute.

Finally, to the extent the defendant argues that Fed. R. Crim. P. Rule 16(a)(1)(E)(i) applies, the defendant has not made a sufficient showing that, or how, such information is material to preparing the defendant's defense as defined in <u>Armstrong</u> and the Courts Order on Discovery and Scheduling [Doc. 7]. The defendant has also provided no case law to support its contention that such are subject to discovery under Rule 16. Furthermore, the government has acknowledged it <u>Brady-Kyles-Giglio</u> obligations to review such reports in its possession for exculpatory or impeachment material and agrees to provide same to defendant if any is discovered. Accordingly, Defendant Harmon's Motion To Compel Discovery of Pre-Sentence Reports In The Possession Of The Government For Witnesses Called By The Government and Motion For Presentence Reports And Reports Of Statements Of Government Witnesses For The Court To Conduct A *Pennsylvania v. Ritchie* Review [**Docs. 36 and 49**] are **DENIED.**

## J. List of Government Witnesses And Addresses

Defendant Harmon moves [Doc. 37] the Court to order the government to provide the defense a witness list of witnesses the government intends to call at trial with their current addresses. While defendant acknowledges that the government may be permitted to withhold the identity of specific witnesses for safety reasons, he argues that there are ample laws and procedures available to protect witnesses and that the Court has the discretion to order the prosecution to provide a witness list. <u>United States v. Kendricks</u>, 623 F.2d 1165 (6th Cir. 1980). The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

30

The government responds [Doc. 75] that the Sixth Circuit has "faithfully declared" that a defendant is not entitled to know in advance of trial who will testify for the government. United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir. 1979). It furthermore notes that attempts to amend Rule 16 to compel the disclosure of the names of prospective witnesses have been rejected by Congress. H.R. Conf. Rep. No. 414, 94th Cong., 1st Sess. 12 (1975).

Defendant Harmon replies [Doc. 149] that (1) because the government waited over three years to charge the defendant, any claim that it has concerning the safety of its informants is stale, (2) the witnesses are spread out from Texas to Louisiana to Oklahoma and Tennessee, (3) witnesses include numerous cooperating law enforcement agents, and (4) without a witness list and addresses, it is impossible for the defendant to prepare a defense.

"Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to this rule, the Sixth Circuit has observed that "[e]ven if one argues that broader discovery rules in this area 'might be desirable, the Constitution surely does not demand that much.'" McCullah, 745 F.2d at 353 (quoting United States v. Agurs, 427 U.S. 97, 109 (1976)).

This rule is tempered by the government's obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963), to provide the defendant with information that is favorable to his defense and material to either guilt or punishment. The government "acts at its own peril" if it fails to provide

31

Brady materials in a timely fashion. United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988).

On the other hand,

> [i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably. There is no general constitutional right to discovery in a criminal case, and Brady did not create one; as the Court wrote recently, "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded. . . ."

Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (quoting Wardius v. Oregon, 412 U.S. 470, 474 (1973)).

There appears to be some tension in the case law regarding whether a court has the discretion to order the government to produce a witness list even though Rule 16 does not require it. Compare United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with Presser, 844 F.2d at 1285 (holding that Rule 16 provides no authority for compelling the government to disclose Brady material or any other evidence not required by the rule pretrial). Even in holding that Rule 16 does not allow for discovery beyond its scope, the Sixth Circuit has noted that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," although it may not disregard specific statutory provisions such as the Jencks Act. Id. at 1285 n.12.

In any event, even if the Court had discretion to order disclosure of the government's witness list, the Court finds that disclosure of the witness list in the present case could endanger the government's witnesses and potentially subject them to intimidation. Furthermore, the defendant's general contention that he needs the list of witnesses in order to prepare for trial is insufficient in

light of the government's compelling interest in protecting these witnesses.  Thus, the Court does not find that justice requires disclosure of the government's witness list in the present case.[1]

Accordingly, the Defendant's Motion For A List of Government Witnesses and Addresses [**Doc. 37**] is **DENIED**.

## K.  BILL OF PARTICULARS

Defendant Harmon moves [Doc. 38] the Court to order the government pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to file a bill of particulars on the following matters:

### a.  Particulars of Count 1

(1) The name and current address of each person "known" but unnamed, as co-conspirator in Count 1;

(2) The specific place(s) charged in Count 1 as "elsewhere" that Defendant Harmon participated in the conspiracy charge in Count1;

(3) The date Defendant Harmon joined the conspiracy charged in Count 1;

(4) The place where the agreement was made that was the goal of the conspiracy charged in Count 1;

(5) Each act the government intends to offer into evidence to establish that Defendant Harmon acted in a manner to bring about the purpose of the conspiracy charged in Count 1;

---

[1] However, in addition to the government's obligations under <u>Brady</u> and its progeny, the Court's Order on Discovery and Scheduling [Doc. 7, para. E] provides for such disclosures with timing of the same governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).  This Order provides for certain disclosures of expert witnesses and information [Doc.7, para. L] and "strongly encourages revealing Jencks Act materials "as soon as possible" and "well before" the testimony of government witnesses. [Doc.7, para. O].  Assuming that AUSA Winck will comply with the usual practice of the US Attorney's Office in revealing such "statements" prior to trial, this should provide the defendants with the necessary information to sufficiently prepare for trial.

(6) The date and place of each act, the Government intends to offer into evidence to establish that Defendant Harmon acted in a manner to bring about the purpose of the conspiracy charged in Count 1.

(7) Persons present on each date and at each place of each act the government intends to offer into evidence to establish that Defendant Harmon acted in a manner to bring about the purpose of the conspiracy in Count 1; and

(8) The name and current address of each person known to the government that claims to have provided to or obtained drugs from Defendant Harmon since 1998 until September 2, 2002.

**b.  Particulars of F.R.E. Rule 801(d)(2)(E) Co-Conspirator Statements**

(1) The substance of the statements to be introduced by the government under F.R.E. 801(d)(2)(E);

(2) The identity of the person making the statements;

(3) When those statements were made, where those statements were made, and to whom they were made; and

(4) A summary of the evidence which the government will present to establish the existence of the conspiracy, the defendant was a member of that conspiracy, and that the statements were made during and in furtherance of the conspiracy.

**c.  Particulars of F.R.E. Rule 404(b) Acts or Conduct**

(1) Each uncharged act or conduct the government intends to introduce pursuant to F.R.E. Rule 404(b);

(2) The date and place of each Rule 404(b) uncharged act or conduct;

(3) Persons who were present at the time of each said Rule 404(b) uncharged act or conduct;

(4) The specific "other purpose" for which said uncharged acts or conduct are offered under F.R.E. Rule 404(b).

**d.  Particulars for Fed. R. Crim. P. Rule 11 Evaluation and Sentencing**

(1) The specific amount of drugs under USSG § 2D1.11 the government asserts constitute Defendant's foreseeable conduct of the conspiracy in Count 1 of the indictment to determine the offense level;

34

(2) USSG Chapter Three adjustments the government asserts are applicable to Defendant Harmon's role in the conspiracy charged in Count 1;

(3) The presentence report for each person that, in any manner, participated in the conspiracy, whether named or unnamed in this indictment for Defendant Harmon's USSG Chapter Three adjustments for role in the offense for 18 U.S.C. 3553(a)(6) sentencing parity;

(4) Sentencing memorandums of the government for each person that, in any manner, participated in the conspiracy, whether named or unnamed in this indictment for Defendant Harmon's USSG Chapter Three adjustments for role in the offense and for 18 U.S.C. 3553(a)(6) sentencing parity; and

(5) USSG Chapter Four Criminal history points and the basis for the criminal history points the government asserts are applicable to Defendant Harmon.

Defendant Harmon contends that he needs this information in order to adequately prepare his defense. He argues that conspiracy charges deserve special scrutiny and that the Court should make sure that the defendant is apprised of the approximate date each co-conspirator joined or withdrew from the conspiracy and the identity of all unindicted co-conspirators. He also argues that this information is critical to allow him to prepare to challenge the admissibility of co-conspirator hearsay statements under Rule 801(d)(2)(E), Fed. R. Evid.

Defendant Hatcher also moves [Doc. 50] the Court, with regard to Count One, to order the government pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to file a bill of particulars on the following matters:

(1) List all persons with whom the defendant acted in concert during the course of the alleged conspiracy, and persons otherwise present at all relevant conversations or transactions;

(2) State with specificity and particularity the role of the Defendant Hatcher in the alleged conspiracy;

(3) State with specificity and particularity the dollar amount the Defendant Hatcher received from his activities and the dates such proceeds were received;

(4) State with specificity and particularity the exact date that Defendant Hatcher is alleged to have entered into this conspiracy;

(5) State with specificity and particularity the person or persons with whom the Defendant agreed to distribute marijuana;

(6) State with specificity and particularity the approximate dates of any meetings at which the government contends the Defendant joined the conspiracy, the place where the agreement is alleged to have occurred, and the persons who witnessed said agreement.

(7) State with specificity and particularity any specific receipt or distribution of a controlled substance or use of a weapon the Defendant is alleged to have committed in furtherance of the conspiracy, the dates, times and places of said occurrences, and the witnesses to said occurrences;

(8) State with specificity and particularity the amount of marijuana the Defendant is alleged to have conspired to distribute;

(9) State with specificity and particularity the identity of any unindicted co-conspirators known to the government and not made known to the grand jury that indicted the Defendant Hatcher; and

(10) State with specificity and particularity the locations denominated as "and elsewhere" in Count One with reference to where the acts alleged to have been committed by the Defendant occurred.

Defendant Hatcher contends that an order requiring the government to answer the foregoing particulars must be entered on the grounds that the indictment returned lacks particularity and does not provide sufficient facts for him to adequately prepare his defense or protect him against the danger of double jeopardy. Specifically, Defendant Hatcher argues that the conspiracy count in Count One does not set forth any overt acts or any detail of the charge against the Defendant other than the name of the co-defendant, the dates of the existence of the alleged conspiracy, and that the offense occurred within the Eastern District of Tennessee and "elsewhere." He argues that a defendant is entitled to a bill of particulars stating the names of all persons the government claims were co-conspirators, the dates each joined, the approximate date of any meetings or conversations

36

at which the government claims the defendant joined the conspiracy, the defendant's role in the conspiracy, and information as to where the events took place in order to prepare a defense, to avoid prejudicial surprise and to define the crime charged sufficiently to bar future prosecutions. United States v. Bortnovsky, 820 F.2d 572, 574 (2d. Cir. 1987).

The government responds [Docs. 99 and 100] that (1) defendants have been provided with copies of memoranda of interview and grand jury transcripts of the testimony of three key co-conspirators with whom defendant interacted during the conspiracy; (2) Count One of the Indictment contains the essential elements of the offense charged, tracks the language of the applicable statute, and cites the statute or, in other words, lists the purpose the conspiracy, the type of drug, the statutory amount of drug alleged, the time period of the conspiracy and the location of the conspiracy; (3) the government is not required to inform the defendant of the precise dates, times and locations relevant to the conspiracy charges in the Indictment; (4) ordering the government to disclose the names of any unidentified individual referenced in the Indictment would essentially order the government to disclose the identity of a potential witness, and defense counsel is not entitled to know in advance of trial who will testify for the government; (5) the government is not required to charge, much less prove, an overt act in furtherance of a conspiracy alleged pursuant to 21 U.S.C. § 846, as is the conspiracy alleged in Count One of the present Indictment; and (6) the defendants have been provided all the discovery allowed by law.

Defendant Harmon and Defendant Hatcher are charged [Doc. 3] together in a one count Indictment with conspiracy to distribute and possess with intent to distribute one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana.

The conspiracy is alleged to have occurred "beginning in or about 1998 up to on or about September 3, 2002" and "within the Eastern District of Tennessee and elsewhere." Count One indicates the amount of drugs involved, specifically, one thousand (1000) kilograms or more of marijuana.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the present case, the defendants seek to know (1) the name and address of any "known" but unnamed co-conspirator and other specifics regarding persons who acted in concert with the defendants or were otherwise present at all relevant conversations or transactions, (2) the name and address of persons who provided or obtained drugs from the defendants, (3) each act

38

which allegedly comprised this conspiracy, and (4) the defendants' roles in the alleged conspiracy. The Court notes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." <u>Salisbury</u>, 983 F.2d at 1375. Nor is the government required to furnish in a bill of particulars the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. <u>United States v. Rey</u>, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

<u>Rey</u>, 923 F.2d at 1222 (citations omitted) (quoting <u>United States v. Piccolo</u>, 723 F.2d 1234, 1239 (6th Cir.1983), <u>cert. denied</u>, 466 U.S. 970 (1984) (quoting <u>United States v. Davis</u>, 679 F.2d 845, 851 (11th Cir.1982)). Thus, the government is not required to reveal the names of unindicted co-conspirators. <u>United States v. Crayton</u>, 357 F.3d 560, 568 (6th Cir. 2004). Accordingly, the Court finds that the government is not required to divulge the details which the defendant seeks through a Bill of Particulars. Nonetheless, the government has represented that the defendants have been provided with copies of memoranda of interview and grand jury transcripts of the testimony of three key co-conspirators with whom defendant interacted during the conspiracy. The Court also notes that on March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being

39

disclosed. It appears to the undersigned that some, if not all, of the information which the defendant seeks is contained within these documents.

Next, the defendants seek the date on which the government alleges that the defendants joined the conspiracy and the specific place(s) where the agreement is alleged to have occurred. The Court notes that the Sixth Circuit has upheld the denial of a request for particularization of the dates of a defendant's involvement in a conspiracy when the indictment gave the beginning and ending dates of the alleged conspiracy. See United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004); United States v. Hayes, No. 88-5967, 1989 WL 105938, ** 3 (6th Cir. Sept. 14, 1989). The Sixth Circuit upheld the district court's denial of a bill of particulars in Robinson, in which the defendant, who was charged with conspiracy to distribute marijuana and cocaine from April 1999 to August 2004, alleged in part that a bill of particulars was necessary to identify the scope of the conspiracy. Robinson, 390 F.3d at 867. In Hayes, the Court held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." Hayes, No. 88-5967, at ** 3.

Although these cases suggest that the provision of more specific dates beyond the broad time frame alleged in the indictment is not necessary, the Sixth Circuit has also upheld the provision of more specific dates of a coconspirator's involvement when the trial court exercised its discretion to order those dates disclosed. See, e.g., United States v. Arnold, 890 F.2d 825, 829 (6th Cir. 1989) (holding that the defendant was not misled by a bill of particulars providing the defendants were involved in the conspiracy prior to the arrival of a certain shipment of marijuana

40

and during the several weeks comprising the distribution phase of the conspiracy); see also United States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (concluding that a bill of particulars giving the approximate date that each defendant entered the conspiracy gave adequate notice of the charges). Thus, the necessity of providing a bill of particulars giving the dates of an alleged conspirator's involvement turns upon the information available to that defendant from the indictment and discovery or other sources in his or her particular case.

In the present case, the Court finds that the indictment alleges a time frame of approximately four (4) years during which the charged conspiracies purportedly occurred. The length of this time frame suggests the need for additional particularization in order for the defendant to prepare a defense to the charges. On the other hand, the Court finds that the government has provided the defendant with voluminous discovery, including (1) copies of memoranda of interview and grand jury transcripts of the testimony of primary co-conspirators with whom defendant interacted during the conspiracy, as well as the testimony of Task Force Agents, (2) telephone records, (3) DEA Form-7 reports of drug property collected, purchased or seized, and (4) DEA Form-6 investigation and surveillance reports. While both the indictment and the government's discovery production has ostensibly provided information on the dates and locations where the defendants conspired in discovery, the Court nevertheless finds, given that the conspiracy is alleged to have spanned over four years and several states, that the defendants are entitled to know the locations, denominated as "elsewhere" in the indictment, of their actions in furtherance of the conspiracy. This information is necessary for the defendants to prepare their defenses to the charged offenses.

With regard to the amounts of marijuana involved and the dollar amount and dates the defendants received proceeds from their activities, the indictment alleges a total amount of

41

marijuana involved in the conspiracy as a whole. The defendants' request for the specific amounts and dates involved in each transaction is akin to a request for overt acts or general discovery to which they are not entitled. The Court finds that the indictment is sufficiently specific on the quantities of marijuana for the defendants to know how much the government seeks to prove and their potential exposure for sentencing.

With the exception of the aforementioned locations, the Court finds that the indictment in combination with the discovery already received is sufficiently detailed to give the defendants notice of the charges they are facing, to prevent unfair surprise at trial, and to prevent the defendants from twice being placed in jeopardy for these offenses. Accordingly, the defendants' Motions for a Bill of Particulars [**Docs. 38 and 50**] is **GRANTED in part** in that the government is ordered to provide a bill of particulars disclosing the locations, denominated in the indictment as "elsewhere," of Defendants Harmon's and Hatchers's actions in furtherance of the conspiracy in Count One. The defendants' motion is **DENIED** in all other respects.

42

## L. DISCOVERY OF F.R.E. RULE 406 EVIDENCE OF HABITS AND ROUTINE PRACTICES PERTAINING TO COOPERATING WITNESSES

Defendant Harmon moves [Doc. 39] the Court compel Fed. R. Crim. P. Rule 16(a)(1)(E) discovery of F.R.E. Rule 406 evidence of habits and practices of the government with regard to benefits provided to cooperating witnesses and, more specifically, provide the following:

(1) Written guidelines, memorandums or policies as to benefits provided or recommendations made by Assistant United States Attorneys for cooperating witnesses in the U.S. Attorney's Officer of the Eastern District of Tennessee;

(2) For each drug case where there was a recommendation by the government orally or by written motion for a reduction of sentence for a cooperating witness in this district since January 1, 1995:
a. The name of the Defendant;
b. The case number;
c. The drug offense charged;
d. The amount of drugs involved;
e. The guideline sentence by the government at sentencing;

(3) Information as to whether the government has agreed to meetings between a cooperating witness's family and the witness while the witness was in custody;

(4) Information as to whether the government has agreed to conjugal visits between a cooperating witnesses family while the witness was in custody;

(5) Information as to whether the government has made recommendations to state prosecutors on behalf of cooperating witnesses in federal case.

The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

Similarly, Defendant Hatcher moves [Doc. 66] the Court to order the government to reveal the substances of any and all statements, agreements, offers, inducements or discussions had with any of the Government's witnesses or with any witness's counsel indicating a promise or a suggestion of leniency, compensation, assurance not to prosecute, assurance to proceed on only certain causes or counts of that indictment or upon lesser or reduced charges, offers of motions for Rule 35 downward departures, substantial assistance downward departures, or any other offer of

43

benefit accruing to said individual whatsoever in exchange for said individual's cooperation, assistance, or testimony in the above-captioned case.

The government objects [Docs. 79 and 97] to defendants' motions on the basis that first, Defendant Harmon cites no authority authorizing such discovery, other than a general reference to Rule 16(a)(1)(E). Second, to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation with the government, the government states that it will provide the defendants with that information under <u>Brady</u>, but resists providing prior to trial the material requested. Third, the government contends that it is irrelevant to the cross-examination of government witnesses at trial as to (1) whether it has any policies regarding recommendations for downward departures based on cooperation, or (2) data pertaining to sentences of cooperating defendants who have been sentenced within the last decade in the Eastern District of Tennessee. Finally, the government contends that the defendant's request is prohibited by Rule 16(a)(2) in that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

Defendant Harmon replies [Doc. 148] that counsel for the government does not specifically address F.R.E. 406 or why the guidelines, habits and practices of the government are not admissible in this case to show that the government will act consistently therewith in making their recommendations as to any cooperating government witness who is facing sentencing.

The Court's Order on Discovery and Scheduling [Doc. 7, para. E] states:
The government shall reveal to the defendant and permit inspection
and copying of all information and material known to the government

44

> which may be favorable to the defendant on the issues of guilt or
> punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83
> (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory
> evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985)
> (impeachment evidence). Timing of such disclosure is governed by
> <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u>, with timing of such disclosures governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government submits that to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation with the government, it will provide the defendants with that information under <u>Brady</u>, and its progeny. Accordingly, Defendant Hatcher's Motion To Require The Government To Reveal Any Agreements With Or Concessions To Witnesses That May Influence Their Testimony [**Doc. 66**] is **DENIED as moot**. In light of the fact that Defendant Harmon cites no legal authority to support his Motion For F.R.E. 406 Evidence Of Habits And Practices Of The Government Pertaining To Cooperating Witnesses [**Doc. 39**], it is **DENIED**.


## M. PRODUCTION OF RELATED INDICTMENTS AND WARRANTS

Defendant Harmon moves [Doc. 40] the Court pursuant to Fed. R. Crim. P. Rule 16(a)(1)(E) to compel discovery of documents and copies of indictments or search warrants in the possession of the government that pertain to the conduct of any unnamed co-conspirator or witness the government intends to call in its case-in-chief or that pertains to the conspiracy charged in this indictment. He contends that discovery has revealed that a number of persons have cooperated with the government, namely John Caswell, Ramiro Rodriguez and Daniel Holland. He argues that these

45

persons appear to have been investigated in other jurisdictions, that these indictments would be related to the present conspiracy, and that because these indictments or search warrants may be sealed or in different jurisdictions, the government should be ordered to provide the defense with this information. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government objects [Doc. 88] on the basis that the defendant offers no legal or factual support for his motion. It furthermore states that it will comply with its Brady-Giglio obligations and with the discovery requirements of Rule 16, but argues that the defendant's request exceeds those discovery obligations. Defendant Harmon replies [Doc. 143] that (1) the indictment charges that the conspiracy occurred in places other than the Eastern District of Tennessee and that others, "known and unknown" to the grand jury, were members of the conspiracy; (2) that disclosure of related indictments are necessary to pick jurors that should not be excused for good cause; and (3) the government does not explain why related indictments are not Rule 16(a)(1)(E) documents "material to preparing the defense" to parts of the conspiracy that may have occurred in places "other than Eastern District of Tennessee" and among others unnamed in this indictment.

The Court's Order on Discovery and Scheduling [Doc. 7, para. E] states:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government submits that it will abide by the requirements of Brady,

46

and its progeny.  The Court also notes that on March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being disclosed.  It appears to the undersigned that most, if not all, of the information the defendant seeks is contained within the supplemental discovery.  Nonetheless, to the extent that the defendant seeks more than this, the Court finds that the defendant has provided no legal or factual support to support his motion, and thus Defendant Harmon's Motion To Produce Related Indictments And Warrants [**Doc. 40**] is **DENIED**.

## N.  SPECIFIC BRADY-KYLES MATERIALS PROVIDED 60 DAYS PRIOR TO TRIAL

Defendant Harmon and Defendant Hatcher individually move [Docs. 41 and 63] the Court for an order compelling certain requested materials[2] be provided by the government, and Defendant Harmon specifically moves that such materials be turned over to the defendant sixty (60) days prior to trial to permit him to make meaningful use of the information to cross-examine witnesses or offer extrinsic evidence at trial.  The defendants note that the Supreme Court has emphasized that impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.  United States v. Bagley, 87 L.Ed.2d 481, 490 (1985).  They also note that the prosecution has a duty to disclose any favorable evidence that could be used "in obtaining further evidence."  Giles v. Maryland, 386 U.S. 66, 74 (1967).  The defendants argue that while the Supreme Court has never "pinpointed a time at which the disclosure under Brady-Kyles must be made," the government must disclose at such a time as to allow the defense to use favorable material effectively in the preparation of its case.  United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

---

[2]  Defendant Harmon makes nineteen (19) specific requests [Doc. 41] for information from the government. Defendant Hatcher makes eight (8) specific requests [Doc. 63] for information from the government.

Defendant Harmon argues that disclosure of the requested materials should be made by the government sixty (60) days prior to trial, to give the defendant the opportunity to adequately prepare for this case. In the alternative, if sixty (60) days prior to trial disclosure is not made, Defendant Harmon moves *in limine* for a continuance of the trial for thirty (30) days, or as may be necessary, after Brady-Kyles information is provided to the defense to make meaningful use of the materials at trial. The Court has permitted [Doc. 74] Defendant Hatcher to join in [Doc. 41].

The government responds [Docs. 96 and 125] that the Court has ordered the government to supply any and all impeachment evidence which tends to negate guilt relying generally on Brady v. Maryland, 373 U.S. 83 (1963), and specifically on Giglio v. United States, 405 U.S. 150 (1972) and United States v. Bagley, 473 U.S. 667 (1985). It also noted that most of the information requested by the defendants[3] could be considered Brady or Giglio material, and that in Presser the Court stated that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the constitution is violated." Id. at 1287. The government also contends that the defendants' suggestion that Presser is limited only to Jencks Act statements is incorrect. Presser, 844 F.2d at 1286. It furthermore contends that Kyles Whitley, 514 U.S. 419 (1995) did not alter the disclosure requirement of Brady and Giglio or the timing of such requirements. The government submits that it will abide by the requirements of Brady, and its progeny, but resists providing prior to trial the material requested by the defendants. Finally, the government objects to Defendant Harmon's request to conduct a pretrial deposition of witnesses identified under Rule 15(a), Fed. R. Crim. P. It contends that this is not one of the "extraordinary cases" identified in case law justifying a Rule 15(a) deposition. United States

---

[3] See note 2.

v. Dillman, 15 F.3d 384, 389 (5th Cir. 1994), cited by United States v. Gragg, 145 F.3d 1334, 1998 WL 2346019, *5 (6th Cir. 1998) (unpublished).

Defendant Harmon replies [Doc. 139] that (1) the Greeneville Division of this District's Order on Discovery and Scheduling provides that the government shall provide Brady-Giglio material "at least ten calendar days prior to the commencement of trial," and (2) most often the government in the Knoxville Division provides the defendant at trial with only convictions and a plea agreement, leaving the defendant no time to investigate the witnesses criminal activity that is not reflected in the conviction or in the plea agreement. At the February 22 hearing, Defendant Harmon asked the Court for an order compelling the requested materials be provided by the government to the defendant thirty (30) days prior to trial if outside the district, but only ten (10) days before trial if inside the district.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87. As the government has observed, the Court's Order on Discovery and Scheduling addresses the government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 7, para. E] The Court finds that it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government submits that it will abide by the

49

requirements of <u>Brady</u>, and its progeny.  Accordingly, Defendant Harmon and Defendant Hatcher's motions [**Docs. 41 and 63**] are **DENIED as moot**.  Additionally, the Court **DENIES** Defendant Harmon's request to conduct pretrial depositions of witnesses identified, pursuant to Fed. R. Crim. P. Rule 15(a)(1), because the defendant has failed to demonstrate how a pretrial deposition would be necessary "in order to prevent a failure of justice."

## O.  DISCLOSURE OF INFORMANTS AND OPERATIVES

Defendant Harmon [Doc. 42] and Defendant Hatcher [Doc. 55] move the Court to order the government to disclose to the defense all information, including identity, addresses and statements, concerning the use of informants and operatives in this case who were present during the commission of any offenses alleged in the indictment.  Citing <u>Rovario v. United States</u>, 353 U.S. 53 (1957), the defendants argue that when an informant is present at the time of the commission of an alleged offense or present when some act is done in furtherance of the offense, that person possesses crucial and relevant knowledge, essential to the accused in preparing his defense on the merits.  The defendants specifically contend that in this case the requested information is crucial to their adequate preparation for trial and that disclosure is essential for the defendants to receive a fair trial.  The defendants furthermore argue that the government be required to disclose the addresses of any informants or operatives under <u>Rovario</u>.  <u>Id.</u> at 65 n.15.  The Court has permitted [Doc. 74] Defendant Hatcher to join in [Doc. 42].

The government responds [Docs. 76, 104 and 105] that (1) the United States holds a privilege not to disclose the identity or location of confidential informants, <u>United States v. Moore</u>, 954 F.2d 379, 381-82 (6th Cir. 1992); (2) informants must be disclosed only when the defendant shoulders the burden of establishing that "disclosure is essential to a fair trial," <u>Id.</u> at 381, (3) the

50

Sixth Circuit has never required the disclosure of an informant's identity when the informant was not a participant in the crime, United States v. Whitley, 734 F.2d 1129, 1137-38 (6th Cir. 1984), and (4) defendants have not and cannot meet their burden under Rovario. The government furthermore suggests that, if and when the defendants demonstrate the need for disclosure, the Court receive information regarding whether the informant could provide testimony which, if not provided, would deprive the defendants of a fair trial.

Defendant Harmon replies [Doc. 151] that the government's argument is out-dated, citing Crane v. Kentucky, 476 U.S. 683, 690 (1986), and asserts that the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense." He argues that (1) this is a "dry conspiracy," in that no drugs were found, and the government's case will rely solely on the testimony of government informants and operatives that are known to the government but unnamed in the indictment, (2) these informants and operatives are located in at least Texas, Louisiana, Oklahoma and Tennessee, (3) the identity and addresses of these informants have probably been disclosed in other jurisdictions, and (4) these persons have knowledge of matters for which this defendant may be responsible for under United States v. Pinkerton, 328 U.S. 640 (1947).

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

51

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005, 99 S. Ct. 618, 58 L. Ed.2d 682 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction,

52

than when the informant merely gives officers a tip that proves helpful in securing a search warrant.

United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968). Furthermore, the informer's privilege only exists to the extent justified by its purpose of furthering effective law enforcement: "[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." Roviaro, 353 U.S. at 60; 77 S. Ct. at 627.

Initially, the Court notes that Defendants have already indicated to the Court in [Doc. 40] that discovery has revealed to them that a number of persons have cooperated with the government, namely John Caswell, Ramiro Rodriguez and Daniel Holland. Thus, if the government has already disclosed an informant's name in discovery, then the defendants' motion is moot with regard to that informant. Additionally, the government filed Supplemental Discovery [Doc. 162] on March 16, 2006, which appears to disclose more information relevant to the aforementioned informants, as well as other persons known to the government, including law enforcement officers or agents. To the extent that Defendants' contend that there are other informants or operatives who are likely to influence the outcome of the case or are essential to the party's preparation for trial, the Court finds that the defendants have failed to make a specific showing to that effect. Accordingly, the Defendants' motions [**Docs. 42 and 55**] are **DENIED**.

## P. PRETRIAL NOTICE AND *IN LIMINE* SUPPRESSION OF F.R.E. RULES 608  609 IMPEACHMENT EVIDENCE

Defendant Harmon moves [Doc. 45 and 46] the Court, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and F.R.E. Rules 608 and 609, for notice of the government's intent: (1) to ask Defendant any questions as to any specific instances of conduct pursuant to F.R.E. 608 on cross-examination and a F.R.E. 104 pretrial ruling as to the admissibility

of that conduct if the Defendant were to testify, (2) as to any defense witness presently unknown to the government, to provide the court notice, out of the jury's presence, of its intent to use specific acts of conduct pursuant to F.R.E. 608, and (3) to ask Defendant any questions as to prior convictions of a crime in the event the Defendant were to testify, and moves to suppress and exclude any such questioning under F.R.E. Rules 104, 609 and 403. The Court has permitted [Doc. 74] Defendant Hatcher to join in these motions.

The government objects [Doc. 85] to Defendant's request for pretrial notice of its intent to offer details of specific instances of conduct of a witness for the purposes of attacking or supporting the witness' character for truthfulness or untruthfulness because F.R.E. Rule 608(b) does not permit such conduct to be proved by extrinsic evidence, as does F.R.E. Rule 609. Rather, instances of specific conduct under Rule 608 may only be inquired of the witness on cross-examination. It contends that, to the extent the defendant is requesting the government reveal pretrial those questions that it would ask of witnesses pursuant to F.R.E. 608, such motion is without support.

As to Defendant Harmon's request pursuant to F.R.E. 609, the government responds [Doc. 78] that Defendant Harmon was convicted and sentenced on April, 7, 1997, in the Criminal Court in Blount County, Tennessee for felony possession with intent to sell marijuana, and contends that the defendant has been provided with a copy of his judgment. The government argues that where, as here, less than ten years have elapsed since the defendant was convicted of the felony, and the defendant's credibility is important, the trial court does not abuse its discretion in admitting evidence of a prior conviction even if it is very similar to the charged offense. United States v. Moore, F.2d 215, 234 (6th Cir. 1990). Additionally, the government notes that a defendant may open the door to admission of the details of a prior conviction. United States v. Bender, 265 F.3d

54

464, 471 (6th Cir. 2001). While acknowledging that under F.R.E. 609(a)(1) the Court must first determine whether the probative value of admitting the evidence outweighs its prejudicial effect to the accused, the government nonetheless argues that the Court cannot make, at this time, the necessary balancing as to the admissibility of defendant's drug convictions without knowing the nature and substance of his testimony and the context in which it is offered.

The defendant seeks notice of the government's intention to use evidence under Rule 12 of the Federal Rules of Criminal Procedure, which provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). The Court notes that in its Order on Discovery and Scheduling [Doc. 7, paras. A-B], it has already ordered the government to provide the defendant with the discovery to which he is entitled pursuant to Rule 16. Specifically, the Court has ordered [Doc. 7, para. A(2)] the government to give the defendant a copy of his arrest and conviction record. While Rule 16 directs the government to provide the defendant with a copy of his prior criminal record upon his request, it does not require the government to reveal whether it intends to use any prior convictions to impeach the defendant at trial. See Fed. R. Crim. P. 16(a)(1)(D).

55

Rule 608, Fed. R. Evid.[4], permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609, Fed. R. Evid., outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of Rule 12(b)(4) to require notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence and Rule 12(b)(4) applies to evidence to be used in the government's case-in-chief. Nevertheless, the Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607. More importantly, the express purpose of the government's notice under Rule 12(b)(4) is to allow the defendant an opportunity to file a motion to suppress the evidence before trial under Rule 12(b)(3). Fed. R. Crim. P. 12(b)(4)(A)-(B). The defendant seeks notice of this evidence in order to attempt "to exclude" it, presumably by arguing that it is inadmissible because it fails to meet the requirements of Rules 608 or 609, or to defend against it at trial. Thus, the Court finds that Rule 12(b)(4) does not support the defendant's request for notice in this case.

---

[4]"[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

56

Nonetheless, the Court has already ordered the government to provide the defendant with a copy of his conviction record [Doc. 7, para. A(2)], and finds that the government has, in fact, provided the defendant with a copy of Defendant's April 7, 1997 conviction judgment. With respect to whether Defendant Harmon's prior felony conviction is admissible, the Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be in a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, Defendant Harmon's Motions' For Pretrial Notice And *In Limine* Suppression of F.R.E. 609 Impeachment Evidence Of Conviction Of A Crime and For Pretrial Notice And *In Limine* Suppression Of F.R.E. Rule 608 Impeachment Evidence By Character Or Specific Conduct [**Docs. 45 and 46**] are **DENIED**, subject to renewal, if appropriate, before District Judge Phillips at trial.

## Q. 60-DAY PRETRIAL NOTICE OF INTENT TO USE 404(b)-TYPE EVIDENCE AND *IN LIMINE* SUPPRESSION OF SAME

Defendant Harmon moves [Doc. 47] the Court, pursuant to Rule 12(b)(4)(B) and F.R.E. 404(b), to order the government to provide sixty (60) days notice prior to trial of any evidence sought to be introduced against the defendant under F.R.E. 404(b). He notes that disclosure of Rule 404(b)-type evidence is another requirement of discovery and that it should be provided by the government at the same time as discovery under Rule 16(a)(1). The defendant argues that his right to pretrial notice is severely weakened by allowing the government to withhold Rule 404(b) notice until shortly before trial, and contends that sixty (60) days notice prior to trial is a presumptive time provided for within the speedy trial act for the defense to prepare a defense.

The government objects [Doc. 86] to Defendant Harmon's request for sixty days pretrial notice, noting that the Court's Order on Discovery and Scheduling directs the government to give any notice pursuant to F.R.E. Rule 404(b) at least seven days before trial. It also states that, customarily, the Court reserves ruling on the admissibility of the evidence until trial so that the Court can determine, in the context of the evidence presented, whether the evidence is admissible under Rule 404(b) and whether its probative value outweighs its prejudicial effect under Rule 403. The government furthermore contends that seven (7) days notice is adequate time for the defendant to challenge the admissibility of such evidence *in limine*. Furthermore, the government advises the defendant, in its written response, of its intention to offer as Rule 404(b) evidence to prove motive, intent, knowledge and absence of mistake defendant's October 8, 1996, possession with intent to sell marijuana in Blount County, Tennessee, as emobodied in Defendant Harmon's change of plea, his April 7, 1997 conviction for such offense, and the facts supporting such conviction.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 7, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the February 27 hearing, the government stated that the defendant was provided notice of its intent to offer Rule 404(b) evidence in it case-in-chief in [Doc. 91, responsive to Defendant's motion, Doc. 33].[5]

---

[5] The Government provides notice [Doc. 91] of its intent to offer Rule 404(b) evidence in its case in chief, specifically listing forty-one (41) items of 404(b) related evidence and, furthermore, states that it is providing the defendant with copies of these materials.

58

Furthermore, in the "[Sixth] Circuit when the defense *objects* to the admissibility of evidence of other wrongs, crimes or acts the trial court should conduct a balancing determination on the record before admitting the evidence." United States v. Acosta-Cavares, 878 F.2d 945, 950 (6th Cir. 1989). The present case is set for trial before District Court Judge Thomas Phillips, and thus, any on the record findings made pursuant to Rules 403 and 404 is a matter to be taken up at trial and in the context of the evidence admitted.

Accordingly, Defendant Harmon's Motion For 60-Day Pretrial Notice Of Government's Intention To Use 404(b)-Type Evidence And *In Limine* Suppression Of 404(b) Type Evidence [**Doc. 47**] **is DENIED.**


### R. DISCOVERY PERTAINING TO EXPERT WITNESSES AND *IN LIMINE* SUPPRESSION OF EXPERT TESTIMONY NOT DISCLOSED PRETRIAL

Defendant Harmon moves [Doc. 51] the Court, pursuant to Rules 16(a)(1)(G) and 16(a)(1)(E)-(F) of the Federal Rules of Criminal Procedure and F.R.E. Rule 705, to compel the government, within the time provided for by the Order on Discovery and Scheduling, a written summary of expert testimony it intends to use at trial; the facts and data underlying said expert testimony; the basis and the reasons for said expert opinions; and the qualifications of any such expert witnesses. Additionally, pursuant to Fed. R. Crim. P. Rule 16(d) and F.R.E. Rule 104, Defendant Harmon moves *in limine* to suppress and exclude any expert testimony for which the government has not provided the requested discovery.

In support of its motion, Defendant Harmon contends that the government has not provided the defense any laboratory reports and that if the government cannot provide timely discovery, the evidence must be excluded under Fed. R. Crim. P. Rule 16. He argues that pursuant

59

to the Court's Scheduling Order, full discovery of expert opinions, qualifications, facts and data and basis of opinions are required to be produced in discovery, seven (7) days after arraignment. He also moves the Scheduling Order be amended to provide expert witness discovery within the time specified under paragraph 1 of the Scheduling Order, or at least thirty (30) days prior to the motion deadline to give the defendant an opportunity to move for a <u>Daubert-Kuhmo Tire</u> hearing. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 115] that in its October 12, 2005, Response to Court's Order on Discovery and Scheduling, the government provided to defendant a copy of a Texas Department of Public Safety Crime Laboratory Report pertaining to the examination of 88 pounds of marijuana and 408 grams of marijuana. Additionally, attached to its response to Defendant Harmon's motion [Doc. 32], the government provided defendant with reports pertaining to similar acts evidence to be offered pursuant to F.R.E. 404(b). Among the documents provided was a Tennessee Bureau of Investigation laboratory report regarding the examination of 29.4 pounds of marijuana and a separate TBI laboratory report regarding the examination of 216 grams of marijuana. The government furthermore states that it will provide defendant the curriculum vitae of the authors of the lab reports as well as the basis for their opinion within the time frame set forth by the Court's Order on Discovery and Scheduling.

The Court's Order on Discovery and Scheduling [Doc. 7, para A(3)] instructs the government to turn over to the Defendant:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in

60

> chief at the trial, and, *as soon as possible but at least three weeks before trial*, unless the Court orders otherwise.

In its written response, the government indicates that it has in fact already provided to the defendant several laboratory reports regarding the examination of differing quantities of marijuana. It furthermore indicates that it will provide disclosure of expert information under Rule 16(a)(1)(G), Fed. R. Crim.. P., at least three weeks before trial as required by this Court's Order. To the extent that Defendant Harmon seeks to compel discovery, the Court finds that the government has complied

with the Court's Order on Discovery and Scheduling. Additionally, the government maintains that it will continue to comply with the Court's Order within the time frame set forth in the Order. Thus, Defendant Harmon's motion to compel discovery pertaining to expert witnesses [**Doc. 51**] is **DENIED as moot**.

Furthermore, even though the defendant has made no showing or given any indication to believe that requested discovery has not or will not be produced by the government, it nonetheless asks the Court *in limine* to suppress and exclude any expert testimony for which the government has not provided the requested discovery. The Court finds that this is a matter best left to the discretion of the trial judge to be made in the context within which the evidence is offered at trial. Thus, Defendant Harmon's request for *in limine* suppression of expert testimony not disclosed pretrial [**Doc. 51**] is **DENIED**, subject to renewal with the trial judge.


## S.  RULE 17(c) SUBPOENA FOR RECORDS FOR PRETRIAL INSPECTION AND TRIAL PREPARATION

Defendant Harmon moves [Doc. 52] the Court establish a date for records to be returned to Court for the defendant's inspection to prepare for trial. In support of its motion,

Defendant Harmon contends that it has identified John Caswell, Romerio Rodriguez, and Daniel Holland as persons who may testify for the government in this case and that: (1) each individual has records of prior criminal conduct that is material to the conspiracy charged in this indictment; (2) the records of the prior criminal conduct of these witnesses is not confidential or privileged; (3) Defendant Harmon intends to issue trial subpoenas for records pertaining to these witnesses, and any other government witnesses who may be identified, but has a need to review the records prior to trial in order to prepare for the witness testimony and avoid delay during trial; and (4) Defendant Harmon intends to obtain Rule 902(11) affidavits from the custodians of the records for use at trial and has a need to examine the records and the F.R.E. Rule 902(11) affidavits prior to trial for completeness and sufficiency. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government objects [Doc. 121], stating that the records which defendant seeks produced are "records or prior criminal conduct" of prospective government witnesses. It notes that the Sixth Circuit had indicated that circumstances warranting pretrial production must be extraordinary, United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990), and that the Supreme Court has also clarified that "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." United Stats v. Nixon, 418 U.S. 683, 701 (1974). It furthermore argues that Rule 17(c) is not intended to serve as a discovery device. Id. at 698.

Defendant Harmon replies [Doc. 159] that there is no distinction between a defendant's use of Sixth Amendment compulsory process through the procedures in Fed. R. Crim. P. Rule 17(c) pretrial from trial. He furthermore argues that it is contrary to the requirements of Fed. R. Crim. P. Rule 2 to interpret Rule 17(c) as restricting a defendant's use of Rule 17(c) subpoenas until the date of trial.

Rule 17(c) of the Federal Rules of Criminal Procedure provides:

62

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Bowman Dairy Co. v. United States, 341 U.S. 214, 679 (1951). In other words, Rule 17(c) was not intended to provide an additional means of discovery. Id. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials. Id. The Sixth Circuit follows the test cited in United States v. Nixon, 418 U.S. 683, 699 (1974), which states that in order to require production under Rule 17(c) prior to trial, the moving party must show that: (1) the documents are evidentiary and relevant, (2) they are not otherwise procurable, with due diligence, in advance of trial, (3) the party cannot properly prepare for trial without such production and inspection in advance of trial, and (4) the application was made in good faith and is not a fishing expedition. United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). The Supreme Court also noted in Nixon that circumstances warranting pretrial production must be extraordinary and "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Id. (citing Nixon, 418 U.S. at 701.

In the present case, Defendant Harmon has identified three persons who may testify for the government in this case. He contends that each individual has prior criminal records that are material to the conspiracy charged in this indictment and that he needs to review these records pretrial to prepare for cross-examination and to avoid delay during trial. The Court finds that Defendant Harmon's expressed need for pretrial production under Rule 17(c), that of facilitating

cross-examination and avoiding delay during trial, is not "extraordinary" in the sense that it is present in every case. Additionally, the Court finds that the records which the defendant seeks produced appear to be impeachment evidence relating to prospective government witnesses. Finally, the Court notes that it has already ordered [Doc. 7, para.E] the government to turn over materials within the scope of <u>Brady</u> and <u>Giglio</u>, with timing of such disclosures governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).

Because Rule 17(c) was not intended to provide an additional means of discovery, and because Defendant Harmon has not made the requisite showing required for pretrial production under Rule 17(c) and because the need appears to be limited to evidence to impeach certain witnesses, Defendant's Motion For Rule 17(c) Subpoena For Records For Pretrial Inspection And Trial Preparation [**Doc. 52**] is **DENIED**. Nonetheless, on March 16, 2006, AUSA Winck filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162], indicating three hundred ninety (390) discovery documents were being disclosed. From the contents of this list, it appears that Defendant Harmon may have already received, or will receive pretrial, the evidence sought in his motion .

## T. INTENT TO USE HEARSAY AND TO OBJECT AND SUPPRESS PURSUANT TO *CRAWFORD v. WASHINGTON*

Defendant Harmon moves [Doc. 54] the Court to order the government to provide notice of its intent to offer any statements not specifically covered by the hearsay exceptions set forth in F.R.E. Rules 803(1) through (23); 804(b)(1) through (4) and 807, but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of any such statement, including the name and address of the declarant(s). In support of his motion, Defendant

64

Harmon asserts his Sixth Amendment right to confrontation of all witnesses as provided for by

Crawford v. Washington, 541 U.S. 36 (2004).  Finally, the defendant moves for advance pretial

notice of "any evidence of hearsay or out of court declarant statements"and moves the Court to

suppress and exclude those statements.   The Court has permitted [Doc. 74] Defendant Hatcher to

join in this motion.

The government responds [Doc. 124], stating that defendant's motion is confusing

in that it asks for any statement arguably considered hearsay, offered as an exception to the general

hearsay rule, but not covered in the rules set forth by defendant.  The government notes, however,

that F.R.E. Rule 807, the residual hearsay exception, contains a notice provision whereby notice

must be given to the adverse parties "sufficiently in advance of trial" of the proponent's intention

to offer the statement and the particulars of that statement and the name and address of the declarant.

The government speculates that this is the evidence which the defendant is moving for pretrial

notice.  As to defendant's request for advance pretrial notice of "any evidence of hearsay," it claims

that this request is inconsistent with the rest of the defendant's memorandum.  Assuming that the

defendant is requesting notice of residual hearsay statements, the government maintains that it is

unaware of any statements that it will offer into evidence pursuant to F.R.E. Rule 807 at this time.

Rule 807 of the Federal Rules of Evidence states, in pertinent part:

> A statement not specifically covered by Rule 803 or
> 804 but having equivalent circumstantial guarantees
> of trustworthiness, is not excluded by the hearsay
> rule, if the court determines....However, a *statement
> may not be admitted under this exception unless the
> proponent of it makes known to the adverse party
> sufficiently in advance of trial or hearing* to provide
> the adverse party with a fair opportunity to prepare to
> meet it, the proponent's intention to offer the
> statement and the particulars of it, including the name
> and address of the declarant.

65

The Court finds that, to the extent the defendant seeks to require compliance with Crawford v. Washington at trial, this request merely seeks compliance with the law. However, to the extent it seeks advance notice of non-complying hearsay statements, the Court admits confusion as to the request. Accordingly, Defendant Harmon's Motion For Notice Of Government's Intention To Use Hearsay And To Object And Suppress Pursuant to *Crawford v. Washington* [**Doc. 54**] is **DENIED**.


## U.  STATEMENTS WHICH GOVERNMENT WILL SEEK
## TO ATTRIBUTE TO DEFENDANT

Defendant Hatcher moves [Doc. 56] the Court to Order the government to disclose the existence of, and to permit the Defendant to inspect and copy written, recorded and/or oral statements, by whomever made, which the government will seek to attribute to this Defendant, including, but not limited to, statements by alleged co-conspirators, adoptive admissions, and/or any other vicarious utterance of any kind. The government objects [Doc. 110], stating that Rule 16 does not provide for the discovery of statements which could otherwise be attributed to defendant.

"Each defendant is entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of co-defendant's under Rule 16).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a  government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.  Thus, in the present case, the defendant is not entitled to inspect the statements of his co-defendant or other  uncharged co-conspirators unless and until they testify at trial.  With regard to the defendant's own statements, the Court has already ordered [Doc. 7, paras. A,1 and B, 1] their disclosure.  Accordingly, Defendant Hatcher's motion [**Doc. 56**] for the provision of statements other than his own is **DENIED**.


## V.  PRETRIAL HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR HEARSAY AND EXISTENCE OF A CONSPIRATORIAL AGREEMENT

Defendant Harmon moves [Doc. 57] the Court, pursuant to F.R.E. Rule 104; his Sixth Amendment right of confrontation; and United States v. Vinson, 606 F.2d 149 (6th Cir. 1979) for a pretrial hearing to determine the admissibility of co-conspirator statements.  In support of his motion, Defendant Harmon notes that the Sixth Circuit in Vinson held that an out-of-jury hearing, while not required, is an acceptable method of determining the admissibility of co-conspirator statements pursuant to F.R.E. Rule 801(d)(2)(E). The defendant asserts that a pretrial proceeding is required pursuant to the Court's gatekeeper role under F.R.E. Rules 104 and  404(b), and to protect Defendant Harmon's Sixth Amendment right of confrontation pursuant to Crawford v. Washington.                    Similarly, Defendant Hatcher moves [Doc. 60] the Court for a pretrial hearing on the existence of a conspiratorial agreement and the connection thereto of Defendant as

67

charged in the indictment, in accordance with United States v. James, 590 F.2d 575 (5th Cir. 1979), for the purpose of determining whether there is "independent evidence" of: (1) the existence of a conspiracy charged in the indictment, (2) the defendant's membership in said conspiracy, and (3) whether otherwise hearsay statements of acts sought to be introduced into evidence by the government in this case were made in the course of and in furtherance of a conspiracy pursuant to which the government seeks to admit them.  Defendant Hatcher argues that many courts have instituted a "preferred" order of proof, whereby a district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it *before* admitting declarations of a co-conspirator.  United States v. Nicholl, 664 F.2d 1308 (5th Cir. 1982). The defendant maintains that this case weighs strongly in favor of conducting such a pretrial hearing.

The government responds [Docs. 80 and 98], first noting that before it can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that (1) a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy and (3) that the hearsay statement was made in the course and in the furtherance of the conspiracy."  Vinson, 606 F.2d at 1552.  It furthermore notes that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility.  Vinson, 606 F.2d at 152-53.

68

The government contends that while the Sixth Circuit has criticized the first alternative as "burdensome, time consuming and uneconomic," Id. at 152, the more practical approach and the one customarily adopted by this district has been to permit the government to present the hearsay statements subject to a later demonstration of their admissibility. United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004). It also maintains that by avoiding a pretrial hearing, the defendant will be preempted from circumventing the rules of pretrial discovery and will not be allowed to ascertain the minutiae of the government's evidence and to learn who many of the government's witnesses will be. United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government notes that the defendants have been provided in discovery the grand jury testimony and interview reports of coconspirators, Caswell, Rodriguez and Holland.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373, 2000 WL 353742, **3 (May 29, 2000 6th Cir.) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), *cert. denied*, Villareal v. United States, 119 S.Ct. 1126 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement, <u>Vinson</u>, 606 F.2d at 152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, the defendants' motions [Doc. 57 and 60] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips. Accordingly, the undersigned **DENIES** the defendants' motions [**Docs. 57 and 60**], to the extent they seek a pretrial hearing at this time. District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

## W. EARLY PRODUCTION Of JENCKS STATEMENTS

Defendant Harmon and Defendant Hatcher individually move [Docs. 58 and 67] the Court to order the government to provide the defense all Jencks Act/Rule 26.2 statements sufficiently prior to trial, or at least five (5) working days before trial, to afford the defense time to review the statements and prepare to cross-examine government witnesses. In the alternative, they move (1) that following the direct testimony of any witness called by the government, that the government produce any statement of the witness, (2) for an automatic recess after production of statements to review them out of the presence of the jury so as to make effective use of the statements during cross examination, and (3) for a jury instruction to avoid prejudice to the defendants. The Court has permitted [Doc. 74] Defendant Hatcher to join in [Doc. 67].

70

The government objects [Docs. 83 and 95], stating that the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, are the exclusive means of obtaining statements of government witnesses made before trial, <u>Palermo v. United States</u>, 360 U.S. 343, 351 (1959), and that the Court may not compel the disclosure of statements of a witness before the conclusion of his direct testimony. <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; <u>see also</u> Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. <u>See</u> <u>United States v. Minsky</u>, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 7, para. O] also "strongly" encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials."

71

However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

The Court notes that although early disclosure is encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute. Furthermore, the defendants' expressed need for early disclosure, that of facilitating cross-examination and preventing delay of the trial, is one that is present in every case. Thus, the Court finds that the defendants have stated no compelling need for early disclosure. In any event, in the end, this Court simply does not have authority to order the pretrial production of Jencks materials. Presser, 844 F.2d at 1283. Accordingly, the defendants' motions [**Docs. 58 and 67**] for early production of Jencks materials are **DENIED**.

Alternatively, the defendants ask that the government (1) automatically give them Jencks materials after the direct examination of each government witness and that the trial court automatically take a recess following such production, and (2) for a jury instruction to avoid prejudice to the defendants. They state that these measures are necessary in order that the jury, who does not understand the procedural rules, will not perceive defense counsel to be demanding, unprepared, or disruptive of the trial. The Court notes that these matters, which relate to the orderly progression of the trial, fall within the province of the District Court. Thus, the defendants' request for automatic production and automatic recesses is **DENIED**, subject to renewal with the trial judge, to the extent earlier production is not provided.

# X.  *IN LIMINE* SUPPRESSION OF ALL EXPERT TESTIMONY
## REGARDING *MENS REA*

Defendant Harmon moves [Doc. 59] the Court, pursuant to Fed. R. Crim. P. Rule 12(b) and F.R.E. Rules 104, 404(b), 702 and 704(b), for an order *in limine* suppressing and directing the prosecutor to refrain from eliciting before the jury any statement, opinion or inference from any expert witness regarding the following matters:

> (1) whether any person or defendant did or did not have the intent, knowledge, motive, willfulness, deliberation, premeditation, plan, scheme, design, belief, or any other state of mind constituting an element of the offenses charged; and

> (2) common patterns or profiles of other criminal conduct, to show that the Defendant acted in conformity therewith; or

> (3) any other expert testimony for which no discovery has been provided.

Defendant Harmon contends that expert testimony regarding ultimate issues of guilt or innocence of the accused, based on common patterns or profiles of other criminal conduct should be suppressed due to (1) relevance, prejudice and burden shifting, United States v. Santarpio, 560 F.2d 448, 455 (1st Cir. 1977), and (2) F.R.E. 704(b) provides an exception for criminal cases, stating that ultimate issues are matters for the trier of fact alone.  The defendant argues that because the offenses charged in the indictment in this case contain various *mens rea* elements of knowledge and intent, no expert witness should be permitted to testify as to any opinion regarding his state of mind, including his intent, plan, scheme, or knowledge during the relevant times of the indictment.  The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 119] that it does not oppose the defendant's motion to the extent that it only requests the government to comply with the prohibition in F.R.E. 704(b).  To the extent it requests more, the government opposes.  Specifically, the government opposes the

73

defendant's motion, to the extent it moves to preclude the testimony of a law enforcement officer qualified as an expert in the area of the distribution of controlled substances, because the Sixth Circuit has approved such testimony concerning whether or not certain facts would be consistent with an intent to distribute a controlled substance. United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004).

The Sixth Circuit has held that "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes. Knowledge of such activity is generally 'beyond the understanding of the average layman.'" United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004) (citing, United States v. Pearce, 912 F.2d 159, 163 (6th Cir. 1990). Rule 704(b) of the Federal Rules of Evidence, however, prevents an exert witness from testifying that a defendant in a criminal case did or did not have the requisite mental state or condition constituting an element of the crime charged, as ultimate issues are matters for the trier of fact. Decisions applying Rule 704(b) to the expert testimony of law enforcement officials have found it significant whether the expert actually referred to the intent of the defendant or, instead, simply described in general terms the common practices of those who clearly do posses the requisite intent, leaving unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent. Combs, 369 F.3d at 940 (citing, United States v. Frost, 125 F.3d 346, 383-84 (6th Cir. 1997).

Initially, the Court notes that the government has agreed, in its written response, to comply with the prohibition in F.R.E. 704(b). The Court also notes that the Sixth Circuit has held that a law enforcement officer qualified in an area of criminal activity may testify, in general terms, as to the common practices of those who possess the requisite intent to commit a particular crime. However, Rule 704(b) would bar a law enforcement officer from testifying that a particular criminal

74

defendant did or did not have the requisite intent to commit the crime charged because this is an ultimate issue, which is a matter for the trier of fact. Accordingly, Defendant Harmon's Motion *In Limine* To Suppress All Expert Testimony Regarding *Mens Rea* is [**Doc. 59**] is **GRANTED in part** in that the government is ordered to comply with Rule 704(b) and to refrain from eliciting testimony from any expert witness regarding whether Defendant Harmon or Defendant Hatcher did or did not have the requisite mental state or condition constituting an element of the offenses charged. The defendant's motion is **DENIED** in all other respects.


### Y. F.R.E 615 WITNESS SEQUESTRATION AND ONLY ONE AGENT PRESENT

Defendant Harmon moves [Doc. 62] the Court, pursuant to F.R.E. Rule 615, for the exclusion of witnesses at motion hearings and prior to voir dire. He also moves the Court, pursuant to F.R.E. Rule 615(3), that the Court conduct an evidentiary hearing to determine whether the presence of a second government agent is essential to the presentation of the government's case. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government objects [Doc. 84], stating that "the law in this circuit [is] settled that the case agent may remain in the courtroom even when other witnesses [are] being sequestered." United States v. Martin, 920 F.2d 393, 396-97 (6th Cir. 1990). The government notes that while Rule 615(2) affords the government the right to designate only one representative, the government may try to show under 615(3) that the presence of a second agent is "essential" to the presentation of its case. United States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991). It furthermore maintains that while it does not plan at this point to ask the Court to find a second testifying agent essential, such determination should be made in the event the issue is presented by the government in a motion for such an order and not through a "preemptive strike" by defense counsel.

75

At the February 27 hearing, defense counsel informed the Court that this motion was "a question for the trial court"and, accordingly, no argument was requested or made by the defendant's attorney. The Court takes this to be a withdrawal of the issue from the Court's consideration. Accordingly, Defendant Harmon's Motion For F.R.E. 615 Witness Sequestration And That Only One Agent Be Present During Evidentiary Hearings And Trial [**Doc. 62**] is **DENIED**, subject to renewal by District Judge Phillips at trial.

## Z. IMMEDIATE NOTICE OF GOVERNMENT'S INTENT TO USE TAPE RECORDINGS AND FOR PRODUCTION OF TRANSCRIPTS

Defendant Harmon moves [Doc. 64] the Court to order the government to provide immediate notice of its intention to introduce tape recordings and the production of transcripts for the defense to determine whether a pretrial hearing on the issue of admissibility of the tape recordings and whether the transcripts are accurate. United States v. Robinson, 707 F.2d 872 (6th Cir. 1983). The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government responds [Doc. 113] that in its response to the Court's Order on Discovery and Scheduling filed on October 12, 2005, it provided the defendants with a copy of a CD containing selected transcripts, with hard copies of those same transcripts. The government submits that it intends to offer into evidence the recordings of those wire communications, as well as the transcripts of those conversations. It furthermore avers that if the government identifies any additional wire communications that it intends to offer into evidence, it will notify the defendants.

At the February 27 hearing, defense counsel informed the Court that this motion was "resolved"and, accordingly, no argument was requested or made by the defendant's attorney.

The Court takes this to be a withdrawal of the issue from the Court's consideration. Accordingly, Defendant Harmon's Motion For Immediate Notice of Government's Intent To Use Tape Recordings And For Production Of Transcripts [**Doc. 64**] is **DENIED as moot.**

## AA.  RULE 104 *IN LIMINE* HEARING TO CONTEST THE CHAIN OF CUSTODY OF DRUGS

Defendant Harmon moves [Doc. 65] the Court to conduct a F.R.E. Rule 104 hearing to establish the chain of the evidence of any drugs for which testimony will be offered.  In support of his motion, the defendant contends that he has received discovery that the government apparently seized drugs in 2002 in Texas, but to date, the government has not filed a Fed. R. Crim. P. Rule 12(b)(4)(B) notice of intent to introduce those drugs in evidence in this case.  The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion.

The government objects [Doc. 89], stating that defendant offers no legal support for his demand for an evidentiary hearing, and notes that "where there is no evidence indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly."  United States v. Allen, 106 F.3d 695, 700 (6th Cir.), *cert. denied*, 520 U.S. 1281 (1997); United States v. Aviles, 623 F.2d 1192, 1197-98 (7th Cir. 1980).  The government also notes that defendant offers no support for his particular demand for a pretrial evidentiary hearing under F.R.E. 104.  The government contends that the only instance in which Rule 104 provides for any sort of hearing outside the presence of the jury is a hearing on the admissibility of a confession.  Fed. R. Evid. 104(c).

At the February 22 hearing, the Court questioned the defendant as to whether Fed. R. Crim. P. 12(b)(4)(B) required notice of testimony and defense counsel stated "no, because

testimony is not discoverable under Fed. R. Crim. P. 16(a)." Defendant Harmon filed a Supplement To The Reply [Doc. 156], however, in which he states that "testimony about material that would be discoverable under Fed. R. Crim. P. 16(a) would be subject to Fed. R. Crim. P. 12(b)(4)(B) notice."

> Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure states:
>
>> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Initially, the Court notes that the government has in fact provided notice and specifically identified fifteen (15) items [Doc. 122], which it represents as being fully responsive to the defendant's Rule 12(b)(4)(B) motion [Doc. 29]. Furthermore, the Court's Order on Discovery and Scheduling [Doc. 7] states the government "shall comply with Rule 16(a)(1)(A)-(F)" of the Federal Rules of Criminal Procedure. The Court also notes that on March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being disclosed. Thus, to the extent that evidence is discoverable under Rule 16(a) of Fed. R. Crim. P., the Court finds that it has already ordered the government to turn over such evidence to the defendant.

With regard to Defendant Harmon's request for an evidentiary hearing, the defendant offers no legal support for such demand, and as the government correctly notes, "[a]bsent a clear abuse of discretion, 'challenges to the chain of custody go to the weight of the evidence, not its admissibility.'" United States v. Holt, 108 Fed.Appx. 325, 327 (6th Cir. 2004) (quoting, United States v. Levy, 904 F.2d 1026, 1030 (6th Cir. 1990). Thus, to the extent that the defendant challenges the admissibility of specific evidence, the Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be in a better position to make this

78

determination. Accordingly, Defendant Harmon's Motion For Rule 104 *In Limine* Hearing To Contest The Chain Of Custody Of Drugs [**Doc. 65**] is **DENIED**, subject to renewal with the trial judge.

## BB. NOTICE OF THE GOVERNMENT'S INTENT TO USE AN INTERPRETER FOR ANY WITNESS AT MOTION HEARINGS OR TRIAL

Defendant Harmon moves [Doc. 68] the Court for an order to require the prosecution to provide notice thirty (30) days prior to a motion hearing or trial of the government's intent to use an interpreter for any witness to provide Defendant Harmon an opportunity to file a motion to determine the necessity of producing testimony of the witness through an interpreter. Counsel for Defendant Harmon states that, at this time, he does not have any reason to believe that a foreign speaking witness will be involved in this prosecution, but contends that due process notice and an opportunity to be heard requires there be pretrial notice in the event the government intends to offer testimony through an interpreter. The Court has permitted [Doc. 74] Defendant Hatcher to join in this motion. The government objects [Doc. 82], stating that first, it is unaware of a need for an interpreter at trial, and furthermore noting that the Court provides, not the government, interpreters for judicial proceedings.

Courtroom use of interpreters is government by the Court Interpreters Act, 28 U.S.C. § 1827. See United States v. Camejo, 333 F.3d 669, 673 (6th Cir. 2003). The statue both provides rules for the appointment of interpreters and outlines a minimal, general standard of interpreter performance. Id. Specifically, 28 U.S.C. § 1827(d)(1)(A)-(B) requires that:

> The presiding judicial officer...shall utilize the services of the most available certified interpreter...in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party

79

> (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings —
>> (A) speaks only or primarily a language other than the English language; or
>> (B) suffer from a hearing impairment (whether or not suffering also from a speech impairment)
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

To the extent there is a need for an interpreter at a motion hearing or at trial, the Court, pursuant to 28 U.S.C. § 1827(d)(1)(A)-(B), shall provide same. In light of the fact that both the government and Defendant Harmon are unaware of a need for an interpreter at this time, the Court finds there is no current basis to obtain the services of an interpreter in accordance with the above section. Accordingly, Defendant Harmon's Motion For Notice Of The Government's Intent To Use An Interpreter For Any Witness At Motion Hearings Or Trial [**Doc. 68**] is **DENIED.**

## CC. LEAVE TO FILE ADDITIONAL MOTIONS

Defendant Harmon moves [Doc. 70] the Court for leave to file additional motions that may be appropriate once the government complies with Fed. R. Crim. P. Rule 12(b)(4)(B), discovery is completed, and Defendant has the benefit of rulings on pending motions or to adopt motions filed by Codefendant Hatcher. He further moves for leave to adopt any motions of Codefendant Hatcher upon receipt and review of those motions. Similarly, Defendant Hatcher moves [Doc. 72] the Court for leave to file additional motions in this cause.

The government objects [Docs. 107 and 109] to this motion to the extent that motions could have been filed by the due date. However, to the extent that additional discovery justifies the filing of a motion out-of-time, the government states that it does not object.

80

Absent any showing of the type of motion the defendant desires to file or of specific need, the defendants' Motions for Leave to File Further Motions [**Docs. 70 and 72**] are **DENIED**. If either defendant desires to file a specific motion in the future, he may move for the Court's leave to file that particular motion. Additionally, because Defendant Harmon has not timely moved, by way of written or oral motion, to adopt any motions of Codefendant Hatcher, the Court also **DENIES** Defendant Harmon's request for leave to adopt any motions of Codefendant Hatcher.

## DD.  NOTICE OF ELECTRONIC SURVEILLANCE

Defendant Hatcher moves [Doc. 71] the Court to order the government to (1) notify the defendant whether there has been any electronic surveillance of any type, including wiretapping, conducted in connection with the investigation of this case, (2) furnish the defendant with an inventory of all recorded information, pursuant to Fed. R. Crim. P. 16(a)(1)(E), 12(d)(4); 18 U.S.C. § 2518(8) and (9); ABA Standards Relating to Discovery, Section 2.1, and finally (3) in the event there has been any electronic surveillance, Defendant moves the Court to order the government to provide the defendants with the contents of all such intercepted communications. 18 U.S.C. § 2510. The government responds [Doc. 111] that it is providing the defendant with copies of recorded wire communications intercepted in the investigation of this case and summaries of those conversations.

At the February 27 hearing, defense counsel informed the Court that this motion was "resolved"and, accordingly, no argument was requested or made by the defendant's attorney. The Court takes this to be a withdrawal of the issue from the Court's consideration. Accordingly, Defendant Hatcher's Request For Notice Of Electronic Surveillance [**Doc. 71**] is **DENIED as moot.**

## II.  CONCLUSION

81

For the foregoing reasons stated herein:

(1) Defendant Harmon's Motion For F.R.Crim.P. Rule 12(b)(4)(B) Designation By The Government Of Its Intent To Offer Evidence In Its Case-In-Chief [**Doc. 29**] is **DENIED AS MOOT**;

(2) Defendant Harmon's Motion For All Participating Investigating Agencies Provide Files Pertaining To The Conspiracy To The Prosecuting Attorney [**Doc. 30**] is **DENIED**;

(3) Defendant Harmon's Motion To Revise The Scheduling Order And Define What Is "Material To Preparing The Defense" [**Doc. 31**] is **DENIED**;

(4) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Material To Preparing A Defense To Discovery Produced [**Doc. 32**] is **DENIED**;

(5) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Pertaining To Evidence Offered Under F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807 [**Doc. 33**] is **DENIED**;

(6) Defendant Harmon's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Pertaining To Evidence Offered Under F.R.E. Rules 702, 703 [**Doc. 34**] is **DENIED AS MOOT**;

(7) Defendant Harmon's Motion To Compel F.R.Crim. P. Rule 16(a)(1) Discovery Pertaining To F.R.Crim. P. Rule 11 Decisions and 18 U.S.C. § 3553 Sentencing [**Doc. 35**] is **DENIED**;

(8) Defendant Harmon's Motion To Compel Discovery of Pre-Sentence Reports In The Possession Of The Government For Witnesses Called By The Government [**Doc. 36**] is **DENIED**;

(9) Defendant Harmon's Motion For A Witness List Of Government Witnesses And Addresses [**Doc. 37**] is **DENIED**;

(10) Defendant Harmon's Motion For Bill Of Particulars [**Doc. 38**] is **GRANTED IN PART and DENIED IN PART**;

(11) Defendant Harmon's Motion For F.R.E. 406 Evidence Of Habits And Practices Of The Government Pertaining To Cooperating Witnesses [**Doc. 39**] is **DENIED**;

(12) Defendant Harmon's Motion To Produce Related Indictments And Warrants [**Doc. 40**] is **DENIED**;

(13) Defendant Harmon's Motion For Specific Brady-Kyles Materials Be Provided The Defense Sixty (60) Days Prior To Trial, Or, In The Alternative For A Continuance After Brady-Kyles Materials Are Provided [**Doc. 41**] is **DENIED AS MOOT**;

(14) Defendant Harmon's Motion For Disclosure Of Informants And Operatives [**Doc. 42**] is **DENIED**;

(15) Defendant Harmon's Motion For Pretrial Notice And *In Limine* Suppression Of F.R.E. Rule 609 Impeachment Evidence Of Conviction Of A Crime [**Doc. 45**] is **DENIED**;

(16) Defendant Harmon's Motion For Pretrial Notice And *In Limine* Suppression Of F.R.E. Rule 608 Impeachment Evidence By Character Or Specific Conduct [**Doc. 46**] is **DENIED**;

(17) Defendant Harmon's Motion For 60-Day Pretrial Notice Of Government's Intention To Use 404(b)-Type Evidence And *In Limine* Suppression Of 404(b)-Type Evidence [**Doc. 47**] is **DENIED**;

(18) Defendant Harmon's Motion To *In Limine* Suppress Evidence Offered Pursuant to F.R.E. Rules 404(b), 608(b), 609, 801(d), 803, 804 or 807 [**Doc. 48**] is **DENIED**;

(19) Defendant Harmon's Motion For Presentence Reports And Reports Of Statements Of Government Witnesses For The Court To Conduct A *Pennsylvania v. Ritchie* Review [**Doc. 49**] is **DENIED**;

(20) Defendant Hatcher's Motion For Bill Of Particulars [**Doc. 50**] is **GRANTED IN PART and DENIED IN PART**;

(21) Defendant Harmon's Motion For Discovery Of Written Summary Of Expert Testimony; Facts And Data Underlying Expert Testimony; And Qualifications Of Expert Witnesses And *In Limine* To Suppress Expert Testimony For Which The Government Fails To Make Adequate Pretrial Disclosure [**Doc. 51**] is **DENIED**;

(22) Defendant Harmon's Motion For Rule 17(c) Subpoena For Records For Pretrial Inspection And Trial Preparation [**Doc. 52**] is **DENIED**;

(23) Defendant Harmon's Motion For Notice Of Government's Intention To Use Hearsay And To Object And Suppress Pursuant To *Crawford v. Washington* [**Doc. 54**] is **DENIED**;

(24) Defendant Hatcher's Motion For Disclosure Of Material Witnesses [**Doc. 55**] is **DENIED**;

(25) Defendant Hatcher's Motion For Disclosure Of All Statements Which The Government Will Seek To Attribute To The Defendant [**Doc. 56**] is **DENIED**;

(26) Defendant Harmon's Motion For Pretrial Hearing To Determine Admissibility Of Co-Conspirator Hearsay [**Doc. 57**] is **DENIED**;

(27) Defendant Hatcher's Motion For Pretrial Production Of Witness Statements [**Doc. 58**] is **DENIED**;

(28) Defendant Harmon's Motion *In Limine* To Suppress All Expert Testimony Regarding *Mens Rea* [**Doc. 59**] is **GRANTED IN PART AND DENIED IN PART**;

(29) Defendant Hatcher's Motion For Pretrial Hearing On The Existence Of A Conspiratorial Agreement And The Connection Thereto Of Defendant [**Doc. 60**] is **DENIED**;

(30) Defendant Harmon's Motion For F.R.E. 615 Witness Sequestration And That Only One Agent Be Present During Evidentiary Hearings And Trial [**Doc. 62**] is **DENIED**;

(31) Defendant Hatcher's Motion For Disclosure Of Impeaching Information And Memorandum In Support Of Motion [**Doc. 63**] is **DENIED AS MOOT**;

(32) Defendant Harmon's Motion For Immediate Notice Of Government's Intent To Use Tape Recordings And For Production Of Transcripts [**Doc. 64**] is **DENIED AS MOOT**;

(33) Defendant Harmon's Motion For Rule 104 *In Limine* Hearing To Contest The Chain Of Custody Of Drugs [**Doc. 65**] is **DENIED**;

(34) Defendant Hatcher's Motion To Require The Government To Reveal Any Agreements With Or Concessions To Witnesses That May Influence Their Testimony [**Doc. 66**] is **DENIED AS MOOT**;

(35) Defendant Harmon's Motion For Early Production of Jencks/Rule 26.2 Statements; Automatic Production; Automatic Recess; And For Jury Instructions [**Doc. 67**] is **DENIED**;

(36) Defendant Harmon's Motion For Notice Of The Government's Intent To Use An Interpreter For Any Witnesses At Motion Hearings Or Trial [**Doc. 68**] is **DENIED**;

[Doc. 70] is **DENIED**; Harmon's Motion For Leave To File Additional Motions

(38) Defendant Hatcher's Request For Notice Of Electronic Surveillance [**Doc. 71**] is **DENIED AS MOOT**;

(39) Defendant Hatcher's Motion For Leave To File Additional Motions [**Doc. 72**] is **DENIED**; and

(40) Defendant Hatcher's Motion To Adopt And Incorporate Motions Of Co-Defendant [**Doc. 74**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

___s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge