UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )        No. 3:05-CR-113
V.                                     )        (PHILLIPS/SHIRLEY)
                                       )
                                       )
DONALD R. HARMON and                   )
JOHNNY HATCHER,                        )
                                       )
                    Defendants.        )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This matter came before the Court on May 16, 2006, for a hearing on

Defendant Harmon's motion [Doc. 168], in which Defendant Harmon not only appeals and files

objections to the undersigned's Memorandum and Order entered on March 29, 2006 [Docs. 165 and

167], but also moves for a Fed.R.Crim.P. 17.1 Conference with the Court. Assistant United States

Attorney Mike Winck was present representing the government. Attorney Herb Moncier was

present representing Defendant Harmon and Attorney Randall Reagan was present representing

Defendant Hatcher. Defendant Harmon was present at the hearing, but Defendant Hatcher was not.

In his motion [Doc. 168], Defendant Harmon specifically moves for a Fed.R.Crim.P.

17.1 Conference with the Court to (1) establish a new scheduling order for the defense to file

motions pertaining to late-filed discovery provided by the government, (2) to discuss procedures that

1

will facilitate a fair and expeditious consideration of the appeal and objections, (3) for an enlargement of time after establishing procedures to file more specific appeals and objections, and (4) in the context of the substantial new late-filed discovery, for such other relief as may simplify the procedure, promote fairness, and eliminate unjustifiable expense and delay. The Court also notes that Defendant Hatcher moves [Doc. 169] the Court to permit him to adopt Defendant Harmon's motion [Doc. 168]. The Court has reviewed his motion and will permit Defendant Hatcher to adopt Defendant Harmon's motion [Doc. 168]. Thus, Defendant's Hatcher's request [**Doc. 169**] to adopt this motion is **GRANTED**.

Initially, the Court notes that it is not ruling on any appeals or objections to the Memorandum and Order [ Doc. 165], entered on March 29, 2006, or any appeals or objections to the Report and Recommendation [Doc. 167], entered on April 12, 2006, as this is a matter to be addressed by the District Court. However, to the extent appropriate, the parties have proposed, and this Court concurs, with the following scheduling procedure.

In order to facilitate the District Court's consideration of appeals and objections, counsel for the defendants will identify for and provide AUSA Winck with a document setting forth the specific rulings and issues being objected to and appealed and will set forth, and identify, by document numbers those pleadings and briefs already filed which support the issues being objected to or appealed by **May 30, 2006**. AUSA Winck will, in turn, incorporate into that document the government's response, in the form of identifying previously filed pleadings and briefs by document number and/or portions of the record, which support the government's position for the District Court to review. All this is being done with an eye for reducing the redundancy and amount of paperwork to be prepared by counsel or to be reviewed by the District Judge. Any further ruling with regard

2

to this issue, however, must necessarily be taken up by Judge Phillips.

Second, with regard to recent discovery filed by the government on or about March 16, 2006, the government has until **May 25, 2006** to identify those documents subject to disclosure under Fed.R.Crim.P. 12(b)(4)(B). Defendants have until **June 9, 2006** to file any pretrial motions with regard to newly filed discovery only. The government's response to any such motion is due on or before **June 21, 2006**.

Finally, the Pretrial Conference in this matter is reset from May 31, 2006 to **June 23, 2006 at 9:30 a.m.**, at which time any pending pretrial motions will be taken up by this Court. The trial of this matter remains set for **July 19, 2006, at 9:00 a.m.,** before the Honorable Thomas W. Phillips, United States District Judge.

Accordingly, it is **ORDERED:**

(1) Defendant Hatcher's Motion to Adopt [**Doc. 169**] is **GRANTED**;

(2) Defendants have until **May 30, 2006** to provide AUSA Winck with a document setting forth the specific rulings and issues being objected to and appealed and will set forth, and identify, by document numbers, those pleadings and briefs already filed which support the issues being objected to or appealed;

(3) Government will incorporate its response in above document, in the form of identifying previously filed pleadings and briefs by document number and/or portions of the record, for the District Court to review;

(4) With regard to newly filed discovery, the government has until **May 25, 2006** to identify those documents subject to disclosure under Fed.R.Crim.P. 12(b)(4)(B);

(5) Defendants have until **June 9, 2006** to file any pretrial motions with regard to newly filed discovery only;

3

(6) Responses to any such pretrial motion are due on or before **June 21, 2006**;

(7) The Pretrial Conference in this matter is reset from May 31, 2006 to **June 23, 2006, at 9:30 a.m.**, at which time any pending pretrial motions will be taken up by this Court.

**IT IS SO ORDERED**.

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4